Lucille FOLK, Administratrix of the
Estate of Gary L. Folk, Deceased,
Respondent,

v.

COUNTRYSIDE CASUALTY
COMPANY, Appellant.

No. 48784.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 26, 1985.

Dennis Herbert Tesreau, Hillsboro, for appellant.

Kurt D. Breeze, Hillsboro, for respondent.

CRANDALL, Judge.

This appeal involves an action on an automobile insurance policy. We affirm in part and reverse in part.

Gary L. Folk purchased an automobile insurance policy from defendant, Countryside Casualty Company. Among the questions asked on the application for insurance was whether Mr. Folk had a physical or mental impairment during the last three years. Mr. Folk answered in the negative. Subsequently he was killed in a one-car accident. The insured vehicle was admit-

tedly a total loss as a result of the accident. It was discovered that Mr. Folk had been prescribed medication for epilepsy. Defendant refused payment for the motor vehicle and returned the premium paid by Mr. Folk to his mother Mrs. Lucille Folk.

Plaintiff, Lucille Folk, in her capacity as Administratrix of the Estate of Gary L. Folk, Deceased, brought this action against defendant under the collision coverage of the insurance policy for property damage to the motor vehicle. The case was tried to a jury. Defendant raised the defense of fraudulent misrepresentation by Gary L. Folk in his application for insurance in that he failed to disclose that he suffered from and was being treated for a convulsive disorder. The jury returned a verdict in favor of plaintiff. The trial court entered judgment for plaintiff for the stipulated amount of property damage plus interest from the date of the notice of loss. The amount of premium plus interest was awarded to defendant.

Defendant alleges four points of trial court error: (1) requiring defendant to add to its affirmative defense instruction the element that decedent knew the representation was false; (2) failing to grant defendant's motion for a directed verdict because the evidence indicated decedent had represented he had no physical or mental impairment, and that the representation was false and material; (3) refusing to admit evidence of decedent's three traffic convictions where that evidence would support a finding of an overall intent by decedent to mislead the insurance company; and (4) in allowing plaintiff prejudgment interest on the judgment.

We now consider defendant's first point. Plaintiff's verdict-directing instruction correctly required the jury to find that the insurance policy was in force at the time of the accident and that the loss occurred. *Haynes v. Missouri Property Ins. Placement Facility*, 641 S.W.2d 497, 499 (Mo. App.1982). Defendant proffered the fol-

lowing affirmative defense, being Instruction No. A.

Your verdict must be for defendant if you believe:

First, decedent represented in the application for the policy that during the past three years he had no physical or mental impairment, and

Second, the representation was material, and

Third, the representation was false.

The trial court refused to give defendant's tendered instruction. The phrase "Fourth, the decedent knew that the representation was false" was added to the instruction and that instruction was given to the jury. The issue then is not whether the instruction as given sets out all the elements necessary to justify a verdict in favor of defendant, but whether the requirement of decedent's knowledge of falsity is required.

■■■ Defendant in its answer pleaded a fraudulent misrepresentation defense. The defense at trial was fraudulent misrepresentation. One of the elements of that defense is knowledge by the person making the representation that it is false. *Prudential Property & Casualty Ins. Co., Inc. v. Cole*, 586 S.W.2d 433, 436 (Mo.App.1979); *Toler v. Missouri Ins. Co.*, 243 S.W.2d 788 (Mo.App.1951). This element is particularly important under the facts of this case. We assume, arguendo, that Gary L. Folk suffered from epilepsy. The issue, however, is not whether he misrepresented the fact that he had epilepsy but whether he fraudulently misrepresented the fact that he suffered from a physical impairment. Did this convulsive disorder, which may have been controlled by medication or which may have been in total remission, constitute a physical impairment particularly in the mind of the insured? Did the insured know that he was making a false statement to the insurance company? This is a question peculiarly within the province of the jury to decide.

884

■ The cases cited by defendant are inapposite.[1] *Minich v. M.F.A. Mutual Ins. Co.*, 325 S.W.2d 56 (Mo.App.1959); *Miller v. Plains Ins. Co.*, 409 S.W.2d 770 (Mo.App. 1966). They deal with breach of warranty cases. Defendant's proffered instruction which was refused by the trial court is admittedly a modified affirmative defense instruction (MAI No. 32.20) based on breach of warranty. Whether defendant could have pleaded breach of warranty in its answer and properly offered an appropriate instruction at trial is doubtful based upon the record in this case. The question, however, is academic. The defense was fraudulent misrepresentation. Our review on appeal is limited to the same theories heard by the trial judge. *Miller v. Plains Ins. Co.*, 409 S.W.2d 770. Defendant's first point is denied.

Since defendant's second point is based on the validity of its first point, it is also denied.

■ Defendant's third point claims error in the court's refusal to admit evidence of the decedent's prior traffic convictions to prove his propensity to lie on the application. Decedent had answered "No" to the question on the application asking whether he had been convicted or forfeited bail or bond for a moving traffic violation in the preceding three years.

Defendant's argument further indicates that its theory of defense was fraudulent misrepresentation rather than breach of warranty. The evidence of prior traffic convictions was not offered as an affirmative defense since it was not pleaded, but rather to show some scheme of deception. The defendant reissued the policy after knowledge of these traffic convictions. Further, the evidence was of little probative value. We find no abuse of discretion by the trial court. Defendant's third point is denied.

■ Defendant's fourth point claims the court erred in allowing plaintiff to recover prejudgment interest, because it was not requested in plaintiff's pleadings. The plaintiff's pleadings do not ask for prejudgment interest; and despite some discussion regarding this issue at trial, there was no request to amend the pleadings.

The statute regarding prejudgment interest is § 408.020, RSMo (Supp.1984), which has been held to apply to insurance cases such as this. *DeLisle v. Cape Mutual Ins. Co.*, 675 S.W.2d 97, 104 (Mo.App.1984); *Schultz v. Queen Ins. Co.*, 399 S.W.2d 230, 236 (Mo.App.1965).

Defendant cites us to *Fleetwood v. Milwaukee Mechanics Ins. Co.*, 220 S.W.2d 614, 616 (Mo.App.1949), which is an insurance case involving property damage. The court held that without a claim for interest in the petition, interest could not be awarded.

More recently in *Colletta & Sons, Inc. v. R.J. Stephens Drywall & Painting Co., Inc.*, 670 S.W.2d 114, 115 (Mo.App.1984), the appellant contended that prejudgment interest should not have been awarded since it was not specifically referred to in the body of a counterclaim although it was referred to in the prayer. This court held: "All of the facts necessary for an award of prejudgment interest were included in the body of the counterclaim and the prayer requested interest. That is sufficient to authorize an award of such interest under Sec. 408.020...." Implicit in this court's holding is the requirement that the issue of prejudgment interest appear in the pleadings.

This same implication is found in *General Aggregate Corp. v. LaBrayere*, 666 S.W.2d 901, 910 (Mo.App.1984), where this court held that because the plaintiff in the pleadings requested "such other relief as may be proper," prejudgment interest could be recovered.

**1.** In a recent case the Western District summarized what it called the conflict regarding misrepresentations in insurance cases but did not resolve the perceived conflict. *DeLisle v. Cape Mutual Ins. Co.*, 675 S.W.2d 97, 100 (Mo.App. 1984).

In the present case the petition prayed for the "value of the aforementioned property loss, and for her costs therein expended." The petition stated that demand for payment had been made but did not state on what date. All the facts necessary for an award of prejudgment interest were not included in the pleadings.

Plaintiff cites to *Slay Warehousing Co. v. Reliance Ins. Co.*, 489 F.2d 214, 215 (8th Cir.1974), which held "the award of prejudgment interest in a case in which Section 408.020 is applicable is not a matter of court discretion; it is compelled." Plaintiff claims this would allow for the award of prejudgment interest regardless of the pleadings. Such an interpretation was not adopted in *Garrett v. Citizens Savings Assn.*, 636 S.W.2d 104, 112 (Mo.App.1982), where the court cited *Slay* in stating: "Section 408.020 had been applied to mandate an award of prejudgment interest ... *where a demand was made in the petition* and the amount due under the contract is readily ascertainable, if not strictly liquidated." (Emphasis added.) In *Garrett*, the plaintiff had been granted leave to amend the petition to add a request for prejudgment interest.

We hold that plaintiff's recovery is limited by her petition and therefore, the award of prejudgment interest was erroneous.

The judgment of the trial court is affirmed with respect to the $6,279.19 due under the insurance policy for the property loss. The judgment is reversed with respect to the $2,796.57 in prejudgment interest awarded to plaintiff.[2]

DOWD, P.J., and CRIST, J., concur.

---

2. Of course, plaintiff is entitled to interest on the $6,279.19 from the date of judgment to the date of satisfaction. § 408.040, RSMo (Supp. 1984).