STATE of Missouri, Respondent,

v.

John W. SOLLARS, Appellant.

No. 69886.

Supreme Court of Missouri,
En Banc.

March 15, 1988.

Richard E. McFadin, F.A. White, Jr., Kansas City, for appellant.

Ronald R. Holliday, Pros. Atty., Savannah, for respondent.

BLACKMAR, Judge.

The defendant was charged with violation of § 301.390, RSMo 1986, reading as follows:

1. No person shall sell, or offer for sale, or shall knowingly have the custody or possession of a motor vehicle, vehicle part, boat, outboard motor, trailer, motor vehicle tire, piece of farm machinery, farm implement, or piece of construction equipment on which the original manufacturer's number or other distinguishing number has been destroyed, re-

moved, covered, altered or defaced, and no person shall sell, offer for sale, or knowingly have the custody or possession of a motor vehicle or trailer having no manufacturer's number or other original number, or distinguishing number. Every motor vehicle and trailer shall have an original manufacturer's number or other distinguishing number assigned by the manufacturer.

He was found guilty at an initial trial. The jury was instructed essentially in terms of the statute. The Court of Appeals, Western District, reversed by a divided vote, holding that the instruction did not make it clear that the knowledge required was knowledge that the vehicle identification number had been altered, and not merely knowing possession of the vehicle.

On retrial the jury was instructed as follows:

### INSTRUCTION NO. 5

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 14, 1983, in the County of Andrew, State of Missouri, the defendant knowingly had custody or possession of a 1979 Chevrolet ¾ ton pickup truck, and

Second, that the original manufacturer's number, being CKL249S11865, on such motor vehicle had been destroyed, removed, covered, altered or defaced, and

Third, that defendant knew that the original manufacturer's number being CKL249S118565, had been destroyed, removed, covered, altered, or defaced,

then you will find the defendant guilty under Count I of Possession of a motor vehicle with an altered identification number.

\*   \*   \*   \*   \*   \*

A similar verdict directing instruction was given on Count II. The defendant was again found guilty on both counts. He appeals directly to this Court, contending that § 301.390 is unconstitutional, on grounds of vagueness. This contention establishes our jurisdiction over the entire case.

There is no challenge to the sufficiency of the evidence, and so a brief recital is adequate. A detailed exposition of the facts is found in the court of appeals opinion following the first trial, at which submissibility was in issue. *State v. Sollars*, 706 S.W.2d 485 (Mo.App.1986). The defendant regularly purchased used vehicles or parts of vehicles, and would sometimes cause them to be "cannibalized" so that sound vehicles would be created out of a larger number of deadlined vehicles.

On October 14, 1983, a party of investigative officers found the defendant in possession of a maroon and silver pickup truck bearing a vehicle identification number (VIN) initially assigned to a 1976 GMC truck. The 1976 GMC had been purchased by the defendant at an auto auction in 1979. The VIN was attached to the door post by rivets of a type different from those used by the factory. The major assemblies of the pickup, however, bore a confidential number (a derivative of the VIN) for a Chevrolet pickup truck, and the full VIN for the Chevrolet was found on a plate on the dash of the pickup. The vehicle with that number had been sold to one Pettijohn and stolen from him in August of 1979.

The officers also found a blue and white tractor-trailer unit with International emblems, but the cab appeared to be a Kenworth. There was an International VIN on a plate inside the cab above the driver's seat. The right frame rail and the bumper, however, contained confidential numbers appropriate to a Kenworth truck, and a plate with the appropriate Kenworth VIN was found loose in the glove box. An expert witness testified that the tractor-trailer was a Kenworth vehicle rather than an International.

One other point has some importance. The two vehicles were taken to the highway patrol lot following the defendant's arrest. The plate containing the International VIN was later found to be missing from the tractor-trailer. On the day before

trial the prosecution located the title history showing that, under date of November, 1983, the defendant sold a vehicle with this VIN to one Clayton Shepherd. The defendant claims that he was prejudiced by the trial court's denial of his motion for continuance to allow him to investigate this new piece of evidence.

After considering the defendant's several points, we discern no prejudicial error and affirm the judgment.

## I.

■ The defendant argues that the governing statute is unconstitutionally vague because it fails to state with precision the mental element required. The point is not well taken.

The state has a proper concern about maintaining the integrity of VIN identification. The statute tells the defendant, and others in his position, that they face a problem if they are in possession of vehicles on which the VIN has been altered. There is nothing unclear in that advice. The jury was instructed so as to require the state to establish that the defendant knew that the VINs had been altered or replaced. It found the state had met this burden. There was no absence of such notice to the defendant as would permit him to conform his conduct to the requirements of law.

*State v. Young*, 695 S.W.2d 882 (Mo. banc 1985), strongly relied on by the defendant, is not in point. The statute there involved decreed punishment for presence at "any place kept or used for the purpose of fighting or baiting any bull, bear, dog, cock or other creature...." Section 578.-050, RSMo 1978. The statute did not specify any mental element. This Court found so many possibilities for violation of the literal terms which were wholly consistent with innocent conduct that the statute could not be said to provide adequate notice. We concluded that the statute could not stand.

The statute before us clearly told the defendant what he had to do to avoid trouble with the law. He should not remain in possession of a motor vehicle in which the VIN had been altered or defaced. He could not be convicted, under the instructions, except for a knowing violation.

## II.

At the outset of the second trial, the defendant filed a motion in limine to prevent the use of the word "stolen" in regard to any vehicles described in evidence. The prosecutor said that he had no purpose of intimating that the defendant stole vehicles, or received vehicles known to him to have been stolen.

At several points in the trial there were references to stolen vehicles, and experts in studying automobile thefts testified. The defendant adduces these instances as violative of the prosecutor's undertaking. Strongest exception is taken to an exchange during the cross-examination of the defendant, as follows:

Q: Isn't it the truth, Mr. Sollars, that the reason why you changed the numbers on the Kenworth is because you had no title to the Kenworth; isn't that correct?

A: Mr. Holliday, I told you fifteen times that I didn't change any numbers on any vehicle.

Q: And the reason why the GMC insignia and the GMC VIN plate that you do show ownership is because the remainder of the vehicle was stolen? Isn't that—

The defendant argues that the prosecution was improperly allowed to establish or to intimate that the defendant was guilty of other crimes. This argument fails, for two reasons:

■ First, the references to "stolen" vehicles cannot be reasonably construed as intimating that the defendant either stole them or knowingly received them after they had been stolen. The history of the several vehicles which had apparently been combined into the vehicles charged in the information was a material circumstance.

■ Second, evidence of other crimes may be received in order to establish such

matters as motive[1] or intent.[2] The fact that a vehicle has been stolen certainly demonstrates a reason why it might be desirable to destroy, remove, cover, alter or deface the VIN. The defendant has no proper objection to a showing that some components of the vehicle had been stolen. When evidence is relevant and material, the defendant may not complain because it is prejudicial.[3] Nothing has been shown which would justify the trial court in denying the state the right to introduce this material evidence, or to comment on the evidence.

The question to the defendant was proper cross-examination. He testified in detail, giving his version of the facts. The state was entitled to probe the depth of his knowledge of the history of the vehicles and the possible motivation for tampering with the VIN's.

The points relating to the mention of "stolen" are not substantiated. There is no basis for a conclusion that the prosecutor misled the defense counsel.

### III.

The defendant has not established an abuse of discretion in the denial of a continuance to permit him to respond to the evidence that he sold a tractor-trailer to Shepherd in November of 1983 containing an identification plate with an International VIN, which plate had been on the tractor trailer taken from the defendant during the October confrontation and removed to the highway patrol lot.

There was no violation of the discovery rules, Rules 25.08 and 25.03. The prosecutor advised the defendant's counsel promptly, and before the trial, that he had located the title history.

The defendant has not shown that he could have done anything effective to counter the evidence. He was a party to the described transaction, and his signature

was acknowledged before a notary public. He took the stand and made his explanation of this and other problems raised by the evidence. He admitted having done business with Shepherd regarding this vehicle, but did not recall the notary and placed the date a year earlier. This ran counter to the objective evidence of the finding of the VIN plate, missing from the truck on the highway department lot, in a vehicle which Shepherd was driving.

If the defendant wants to claim error in the denial of a continuance he must show prejudice, and may be expected to continue his efforts during the pendency of the motion for new trial. We find no suggestion in the record or in the brief as to what else the defendant might have done to counter the effect of the evidence, had he been advised about it earlier.

The judgment is affirmed.

All concur.

---

1. *State v. Graham,* 641 S.W.2d 102 (Mo. banc 1982).

2. *State v. Trimble,* 638 S.W.2d 726 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983).

3. *Id.* at 732 ("relevance, not prejudice, is the touchstone of due process").