**Jess PARKER, Appellant,**

v.

**NATIONAL FOUNDATION LIFE INSURANCE CO., Respondent.**

**No. WD 42695.**

Missouri Court of Appeals, Western District.

Jan. 8, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 1991.

Application to Transfer Denied April 9, 1991.

Ray E. Sousley of Vleisides, Donnelly, O'Leary & Sousley, P.C., Kansas City, for appellant.

Keith A. Wenzel of Inglish, Monaco, Riner & Lockenvitz, P.C., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment for breach of disability insurance contract against insurer. The judgment is affirmed but modified to include prejudgment interest on $500.00 accruing from October 7, 1987, pursuant to § 408.020, RSMo 1986.

Appellant presents three points on appeal which, in summary, charge that the trial court erred (1) in failing to award prejudgment interest on money damages pursuant to § 408.020, RSMo 1986; (2) in failing to award judgment for vexatious refusal to pay pursuant to § 375.420, RSMo 1986; and (3) in failing to award attorney's fees pursuant to § 345.420, RSMo 1986.

On January 1, 1983, appellant Jess Parker (hereinafter "appellant") entered into a disability contract with respondent National Foundation Life Insurance Company (hereinafter "respondent"). The contract provided for $100.00 per day "Hospital Cash Indemnity Benefit" for each day of "Hospital Confinement" that was recommended by a "physician" and due to "injury or sickness". Appellant was hospitalized, on doctor's orders, for 13 days, July 14 through July 27, 1987.

Upon his release, and while said insurance policy was still in force, appellant submitted his proof of loss for thirteen day's hospitalization in the amount of $1,300.00 on October 17, 1987. Respondent paid for eight days ($800.00) and denied payment for five days ($500.00).

Appellant filed suit in small claims court to recover the $500.00 deficiency, stating that the failure to pay was vexatious, without cause or excuse. Respondent then posted bond and applied for trial de novo.

Evidence was heard on the matter in circuit court on September 18, 1989. The matter was taken under advisement with judgment entered in favor of appellant in the sum of $500.00, plus costs.

Appellant then filed his motion to modify judgment, alleging that he was entitled to (1) prejudgment interest pursuant to § 408.020, RSMo 1986; (2) damages for vexatious refusal to pay pursuant to § 375.420, RSMo 1986; and (3) attorney's fees pursuant to § 375.420, RSMo 1986. The motion was overruled. This timely appeal followed.

■ Appellant's first point is that the trial court erred in not allowing him to recover prejudgment interest. The appellant, in his first amended complaint filed with the court prior to the trial de novo, asks for prejudgment interest accruing

from October 7, 1987 on the $500.00 respondent did not pay.

The statute regarding prejudgment interest is § 408.020, RSMo 1986, which has been held to apply to insurance cases of this type. *Folk v. Countryside Cas. Co.*, 686 S.W.2d 882, 884 (Mo.App.1985).

Respondent cites the *Folk, supra,* case for the proposition that since appellant's petition did not state the date that demand for payment had been made, all the facts necessary for an award of prejudgment interest were not included in the pleadings. *Folk* at 885. Appellant did indeed, in the prayer of his first amended complaint, state the date of October 7, 1987 as the date demand for payment had been made.

Section 408.020 has been applied to mandate an award of prejudgment interest where a demand was made in the petition and the amount due under the contract is readily ascertainable. *Garrett v. Citizens Sav. Ass'n,* 636 S.W.2d 104, 112 (Mo.App. 1982). Thus, appellant is entitled to prejudgment interest on the $500.00 accruing from October 7, 1987, pursuant to § 408.020, RSMo 1986 to the date of satisfaction, pursuant to § 408.040, RSMo 1986.

■ Appellant's second and third points are considered by this court jointly, as they both relate to his claim for judgment for vexatious delay in payment plus attorney's fees pursuant to § 375.420, RSMo 1986.

This is a court-tried action. This court, therefore, affirms the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it errone-ously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

The recovery of damages for vexatious delay in making payments due under insurance policies and the amount of damages recoverable are matters purely discretionary with the trier of fact. *Katz Drug Co. v. Commercial Standard Ins.,* 647 S.W.2d 831, 840 (Mo.App.1983). The burden is on the insured to show the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable prudent person at the time of refusal. *Katz* at 839.

Section 375.296[1] specifically provides that plaintiff has made a prima facie case when he shows that the insurer failed to pay. *Id.* The question then becomes whether the evidence before the trial court was sufficient to rebut the prima facie case.

Ordinarily, the reasonableness of a refusal to pay is determined by comparing the policy provisions with the allegations contained in the petition in the action brought against the insured. *See Zipkin v. Freeman,* 436 S.W.2d 753, 754 (Mo. banc 1968). Further, this court keeps in mind that § 375.420, RSMo 1986 is to be strictly construed and as such, strict construction requires that the award be considered discretionary with the trial court. *Katz* at 840.

In light of the trial court's order refusing to modify judgment as appellant requested so as to include an award for vexatious refusal to pay, plus attorney's fees, and in light of the broad discretion given the court to award or deny those additional damages,

---

1. This section reads as follows:

**375.296. Additional damages for vexatious refusal to pay**

In any action, suit or other proceeding instituted against any insurance company, association or other insurer upon any contract of insurance issued or delivered in this state to a resident of this state, or to a corporation incorporated in or authorized to do business in this state, if the insurer has failed or refused for a period of thirty days after due demand therefor prior to the institution of the action, suit or proceeding, to make payment under and in ac-cordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420. Failure of an insurer to appear and defend any action, suit or other proceeding shall be deemed prima facie evidence that its failure to make payment was vexatious without reasonable cause.

**198**

this court cannot say that the trial court abused its discretion in refusing to award vexatious penalties under the *Murphy v. Carron* standard. The evidence was sufficient to support the trial court's ruling.

The judgment of the trial court is affirmed as modified.

All concur.