**Laura E. CHAMBERS, by her Next Friend Elizabeth S. ABEL, and Elizabeth S. Abel, individually, Respondents,**

v.

**Teresa Ann RICE, Appellant.**

**No. 18544.**

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1993.

Motion for Rehearing and Transfer
Denied July 20, 1993.

Randy R. Cowherd, Schroff, Glass & Newberry, P.C., Springfield, for appellant.

Robert L. Bruer, John Wooddell, Bruer & Wooddell, P.C., Springfield, for respondents.

CROW, Presiding Judge.

The issue in this appeal is whether the trial court erred in awarding Plaintiffs, Laura E. Chambers ("Laura") and Elizabeth S. Abel ("Elizabeth"), prejudgment interest against Defendant, Teresa Ann Rice.

Plaintiffs filed a two-count petition against Defendant. By Count I, Laura, a

minor, sought damages for bodily injuries sustained by her when she was struck by an automobile operated by Defendant. By Count II, Elizabeth (Laura's mother) sought damages for loss of Laura's services, plus past and future medical expenses for her.

A five-day jury trial ended October 30, 1992, with a verdict assessing 70 percent fault against Defendant and 30 percent fault against Laura. Disregarding Laura's fault, the jury found her damages to be $2,800,000 and Elizabeth's damages to be $800,000.

On November 6, 1992, Plaintiffs filed a "Verified Motion for Award of Prejudgment Interest." It averred Plaintiffs made a written demand for payment of their claims upon Defendant's representative November 18, 1991, and the representative rejected the demand November 22, 1991. The motion sought prejudgment interest per § 408.040.2, RSMo Cum.Supp.1991, which reads:

> In tort actions, if a claimant has made a demand for payment of a claim ... to the party, parties or their representatives and the amount of the judgment ... exceeds the demand for payment ..., prejudgment interest ... shall be calculated from a date sixty days after the demand ... was made, or from the date the demand ... was rejected without counter offer, whichever is earlier. Any such demand ... shall be made in writing ... and shall be left open for sixty days unless rejected earlier....

On December 4, 1992, the trial court granted Plaintiffs' motion and entered judgment in favor of (a) Laura in the amount of $1,960,000 plus prejudgment interest of $165,765, for a total of $2,125,765, and (b) Elizabeth in the amount of $560,000 plus prejudgment interest of $47,361, for a total of $607,361.

Defendant appeals. The first of her two points relied on reads:

> The trial court erred in awarding Plaintiffs ... prejudgment interest in that [they] failed to plead prejudgment interest as an item of special damages and the petition did not itself contain sufficient facts upon which to base such award so that the award was outside the scope of the pleadings.

Plaintiffs' petition pled no *facts* warranting an award of prejudgment interest. The only mention of interest in the petition is in the prayer of each count, which asks for "fair and reasonable damages plus interest as allowed by law." All factual allegations supporting prejudgment interest appear only in Plaintiffs' post-trial motion.

Virtually identical circumstances were presented in *Pilley v. K–Mart Corp.*, 849 S.W.2d 293 (Mo.App.S.D.1993). Like the instant case, *Pilley* was a personal injury suit. *Pilley* was decided March 17, 1993, three months after the trial court awarded Plaintiffs prejudgment interest in the instant case.

In *Pilley*, as here, the petition on which the case was tried pled no facts from which prejudgment interest recoverable under § 408.040.2 could have been calculated. 849 S.W.2d at 299. Five days after a favorable jury verdict, the plaintiff in *Pilley* moved to amend the judgment by adding prejudgment interest. *Id.* at 297. The motion alleged the plaintiff made a settlement offer on a specified date, and prayed for prejudgment interest from and after a date sixty days following the offer. *Id.*

While the trial court had the motion "under advisement," the plaintiff in *Pilley* filed a motion to amend the petition by adding an allegation regarding the unaccepted settlement offer referred to in her previous motion, together with a prayer for prejudgment interest from and after a specified date. *Id.* The trial court in *Pilley* denied both motions.

On appeal, the plaintiff in *Pilley* argued the trial court erred by (1) denying her motion for prejudgment interest, (2) holding her pleadings were insufficient to authorize recovery of prejudgment interest, and (3) rejecting her request for leave to amend her petition by adding allegations supporting an award of prejudgment interest. *Id.* This Court held:

> ... In order to recover prejudgment interest, a petition must state facts suffi-

cient to authorize the award. There were no references to, nor a request for, prejudgment interest in plaintiff's petition. There was no statement of sufficient facts in the petition from which the amount of prejudgment interest allowable by § 408.040.2 could have been calculated. The trial court committed no error by not awarding prejudgment interest.

*Id.* at 299.

The above holding disposed of issues 1 and 2 in *Pilley.* Issue 3 in *Pilley* was whether the trial court abused its discretion in denying the plaintiff's post-trial request for leave to amend her petition by adding allegations warranting recovery of prejudgment interest. That issue is not present here, as Plaintiffs filed no post-trial motion seeking leave to amend their petition.

■ Applying *Pilley,* we hold Plaintiffs' petition is insufficient to support an award of prejudgment interest in that it mentions no demand for payment or offer of settlement, and no rejection or counter offer by Defendant or her representative. Also, consistent with *Pilley,* we hold the allegations in Plaintiffs' post-trial motion supply no basis for awarding prejudgment interest in that they are not part of Plaintiffs' petition.

■ Our holding does not exalt form above substance. The purpose of a petition is to inform the defendant of the nature of the action lodged against him, advise him what he must defend against, and furnish the basis for a judgment. *De Mott v. Great American Ins. Co. of New York,* 234 Mo.App. 31, 131 S.W.2d 64, 66–67[2] (1939). Facts alleged in a petition and not denied by answer stand admitted and need not be proved. *Shell v. Conrad,* 153 S.W.2d 384, 387[5] (Mo.App.1941).[1]

Subsection 2 of § 408.040 (quoted in part *supra*) was enacted in 1987. Laws of Missouri 1987, H.B. 700, § B, pp. 792–812. Before that, there was no provision for prejudgment interest in tort actions. *Pilley,* 849 S.W.2d at 297. Therefore, prejudgment interest in tort actions is recoverable only upon proof of facts demonstrating the requirements of § 408.040.2 have been met. Such facts will necessarily have occurred after the incident or incidents giving rise to tort liability.

Because the facts on which a tort claim is based must be set forth in a petition, or counterclaim, we find no logic in a rule that would allow facts supporting a claim for prejudgment interest on such tort claim to be pled in an after-trial motion. If facts warranting prejudgment interest in a tort claim are required to be pled in a petition or counterclaim, the adverse party, in his answer or reply, as the case may be, must admit or deny such allegations, thereby framing the issues which must be resolved to determine whether prejudgment interest is recoverable. This puts the party from whom prejudgment interest is demanded on notice of the facts on which the claimant relies, and informs the claimant of which facts are conceded and which he must prove.

We recognize recovery of prejudgment interest in a tort case hinges on whether the amount of the judgment exceeds the demand for payment or offer of settlement—a circumstance that will not exist when trial begins. However, all other facts on which prejudgment interest depends will have occurred before trial.

If the issues regarding prejudgment interest are framed by the pleadings on which the case is tried, the trial court, if convenient to it and the parties, can hear and determine the prejudgment interest question immediately after verdict, thereby eliminating the need for scheduling a separate hearing. This will conserve judicial time and expedite post-trial proceedings.

Plaintiffs rely on *Stern Fixture Co. v. Layton,* 752 S.W.2d 341 (Mo.App.E.D. 1988). Their reliance is misplaced. There, the suit was on a note and the issue was

---

1. There are cases such as *Estate of Schubert v. Holleman,* 683 S.W.2d 324, 325–26 (Mo.App.S.D. 1984), which hold that although an answer is mandatory, enforcement of the requirement is waived where no answer is filed but the case is tried as though one had been. In such instances, appellate review proceeds as if there were an answer traversing the allegations of the petition.

whether the plaintiff was entitled to prejudgment interest even though there was no *prayer* for interest in the petition. There was no contention that the petition failed to plead *facts* authorizing recovery of prejudgment interest. Consequently, *Stern Fixture* did not address the issue presented by *Pilley* and the instant case. That is also true of the other cases cited by Plaintiffs.

The parties also argue about whether prejudgment interest under § 408.040.2 in a tort action is an item of special damage, thereby falling within the requirement that such damage be specifically stated in the pleadings. On that subject, both sides discuss *Brown v. Mercantile Bank of Poplar Bluff*, 820 S.W.2d 327 (Mo.App.S.D.1991). When one recognizes special damages as defined in *Brown* are the natural but not necessary result of the wrongful act, *id.* at 338[17], it is at once apparent that prejudgment interest in tort cases is not special damage of that genre. The right to prejudgment interest in a tort case does not arise from the wrongful act—the tort. Instead, such right arises from rejection by the tort-feasor of a demand or offer of settlement lower than the eventual judgment. That is, the facts necessary to fasten tort liability on the wrongdoer are wholly separate from those necessary to fasten liability for prejudgment interest on him in the tort action. Therefore, cases discussing special damages as defined in *Brown* are not helpful.

We adhere to *Pilley's* requirement that a plaintiff who seeks prejudgment interest under § 408.040.2 in a tort action must plead the facts supporting his claim in his petition. That was not done here. Therefore, we hold the trial court erred in awarding Plaintiffs prejudgment interest. This conclusion makes it unnecessary to address Defendant's second point, which complains the trial court erred by calculating prejudgment interest from the wrong date.

Defendant does not attack the portion of the judgment awarding Plaintiffs actual damages. Accordingly, the portion of the judgment awarding Laura actual damages of $1,960,000 and Elizabeth actual damages

of $560,000 is affirmed. The portion of the judgment awarding each Plaintiff prejudgment interest is reversed.

PARRISH, C.J., and SHRUM, J., concur.