Belevia A. GIBSON, and Arthur Sands Gibson, IV, a minor, by Belevia A. Gibson, his Mother and Next Friend, Plaintiffs,

v.

Ann M. MUSIL, Defendant.

No. 92–4489–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Jan. 31, 1994.

Roger G. Brown, Roger G. Brown & Associates, Jefferson City, MO, David A. Dvorak, Reardon, Orr & Dvorak, East Peoria, IL, for plaintiffs.

Patrick B. Starke, Welch & Starke, Blue Springs, MO, for third party plaintiff.

Erwin L. Milne, Andereck, Evans, Milne, Pearce & Baumhoer, Jefferson City, MO, for defendant.

Richard F. Lombardo, II, McDowell, Rice & Smith, Kansas City, MO, for third party defendant.

*ORDER*

SCOTT O. WRIGHT, Senior District Judge.

Before the Court is plaintiffs' Motion for Assessment of Prejudgment Interest. Plaintiffs request the Court to award prejudgment interest pursuant to Mo.Rev.Stat. § 408.040.2 (1987). Defendant argues that interest should not be assessed for two reasons: (1) plaintiffs' Complaint did not plead facts sufficient to authorize the award of interest, and

(2) plaintiffs' settlement offers were ambiguous.

## I. FACTS

Plaintiffs Belevia A. Gibson and Arthur S. Gibson IV asserted three claims against defendant. Each filed personal injury claims and both asserted a wrongful death cause of action. On October 14, 1992, plaintiffs made an offer of settlement of $1,000,000.00 for the claims of Belevia A. Gibson and $500,000.00 for the claims of Arthur S. Gibson IV. On October 27, 1992, plaintiffs made an offer to settle their claims for one dollar less than the defendant's insurance policy limits. Both offers were made in writing and sent by certified mail. Neither offer was accepted by defendant.

On October 14, 1993, judgment was entered in favor of plaintiffs on all three counts, awarding $100,000.00 and $5,000.00 to Belevia A. Gibson and Arthur S. Gibson IV on their personal injury claims and $1,200,000.00 on the wrongful death claim.

## II. MISSOURI STATUTE

■ The award of prejudgment interest in a diversity action is determined by the law of the state in which the action arose. *C. & H. Sugar Co. v. Kansas City Terminal Warehouse Co., Inc.*, 788 F.2d 1331, 1333 (8th Cir.1986) (citations omitted). This action arose in Missouri and was tried under Missouri law. Mo.Rev.Stat. § 408.040.2 (1987) provides, in pertinent part:

In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representative and the amount of judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest, at the rate specified in subsection 1 of this section, shall be calculated from a date sixty days after the demand or offer was made, or from the date the demand or offer was rejected without counteroffer, whichever is earlier. Any such demand or offer shall be made in writing and sent by certified mail.

Subsection one of Section 408.040 specifies that interest shall accrue at the rate of nine percent per annum.

## III. FAILURE TO PLEAD PREJUDGMENT INTEREST

■ Plaintiffs did not plead facts relating to prejudgment interest in their Complaint. Plaintiffs' prayer for relief did, however, conclude in the general language "for all other losses, damages, injuries, and relief allowable under the law and as the Court shall deem necessary and proper under the circumstances."

Defendant asserts that plaintiffs cannot recover prejudgment interest because Missouri law requires that, in order to recover under Section 408.040.2, a plaintiff must plead facts relating to the award of prejudgment interest. Plaintiffs argue that Missouri caselaw does not establish a requirement that prejudgment interest be specifically pled.

In a diversity action, decisions of the state's highest court are accepted as defining state law. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Where neither the legislature nor the highest court in a state has addressed an issue, the federal court must determine what the highest court would probably hold were it called upon to decide the issue." *Hazen v. Pasley,* 768 F.2d 226, 228 (8th Cir.1985). The Supreme Court of Missouri has not addressed the issue of whether prejudgment interest under Section 408.040.2 must be pled to be recovered. Consequently, this Court will attempt to determine what the Supreme Court of Missouri would hold if presented with the issue.

A. Cases on Section 408.040.2 Pleading Requirements

Read plainly, Section 408.040.2 mandates the award of prejudgment interest if (1) there is an offer of settlement made, and (2) judgment is entered exceeding the offer of settlement. There is no mention of a pleading requirement in the statute.

The only reported cases to rule on the pleading requirements of Section 408.040.2 are two recent decisions from the Southern

District Court of Appeals, *Pilley v. K–Mart Corp.*, 849 S.W.2d 293 (Mo.Ct.App.1993), and *Chambers v. Rice,* 858 S.W.2d 230 (Mo.Ct. App.1993). The facts of the two cases are very similar. In both cases, the plaintiff's petition did not make specific allegations concerning prejudgment interest but did make a prayer for relief in very general language. In *Pilley,* the general language was "damages ... that will fairly and justly compensate her for the above-stated losses together with court costs herein" and in *Chambers* the language was "fair and reasonable damages plus interest as allowed by law." The *Chambers* decision was handed down after *Pilley* and adopts its reasoning in whole.

The *Pilley* court reasoned from a similar, but much older prejudgment interest statute to reach the conclusion that recovery under Section 408.040.2 is subject to a pleading requirement. The court stated that Mo.Rev. Stat. § 408.020 (1986), which provides for the assessment of prejudgment interest in actions on accounts and contracts, had been interpreted to have a pleading requirement. The court then held that "[a] petition that seeks prejudgment interest by reason of § 408.040.2 is subject to the same requirements as one seeking prejudgment interest by reason of § 408.020 RSMo 1986. In order to recover prejudgment interest, a petition must state facts sufficient to authorize ·the award." *Pilley,* 849 S.W.2d at 299.

While *Pilley* and *Chambers* are the only decisions directly on point, they are not all this Court looks to in its attempt to determine how the Supreme Court of Missouri would rule on this issue. Of more importance to this Court are other decisions from the Missouri Courts of Appeals that demonstrate *Pilley* and *Chambers* are not well-founded.

### B.  Cases on Section 408.020 Pleading Requirements

The basis of *Pilley* and *Chambers,* that Section 408.020 interest must be specifically pled under Missouri law, appears to be incorrect. The Missouri Courts of Appeals have not been entirely consistent on this issue, however, the most recent decisions explicitly hold that there is not a requirement to spe- cifically plead Section 408.020 prejudgment interest.

The two most recent published opinions on this issue are from the Eastern District. In *Dierker Assoc., D.C., P.C. v. Gillis,* 859 S.W.2d 737 (Mo.Ct.App.1993), the defendant did not specifically plead prejudgment interest in his counterclaim, but asked for "a sum that will fairly and justly compensate Defendant for his actual damages." *Id.* at 746. After receiving a jury verdict, defendant moved for and was awarded prejudgment interest under Section 408.020. On appeal, the plaintiff argued the award was erroneous due to defendant's failure to specifically plead prejudgment interest. The appellate court disagreed, holding "an express allegation seeking prejudgment interest is not a prerequisite to an award of such interest." *Id.  Holtmeier v. Dayani,* 862 S.W.2d 391 (Mo.Ct.App.1993), another recent case out of the Eastern District, reaches the same result on very similar facts.

Both *Holtmeier* and *Dierker* cite the Western District case *Addison v. Jester,* 758 S.W.2d 454 (Mo.Ct.App.1988) in support of their holdings. In *Addison,* the defendant prevailed on a counterclaim and moved for an award of prejudgment interest. The defendant had not pled allegations seeking prejudgment interest in her pleadings and the trial court denied her motion. On appeal, the court reversed the lower court's refusal to award interest, holding that "[t]he allowance of prejudgment interest is not dependent on an express petition allegation seeking that relief." *Id.* at 460.

*Addison* in turn cites two earlier cases, *General Aggregate Corp. v. LaBrayere,* 666 S.W.2d 901 (Mo.Ct.App.1984), from the Eastern District and *Haynes v. Allen,* 482 S.W.2d 85 (Mo.Ct.App.1972), from the St. Louis District. Both explicitly hold that a specific request for prejudgment interest is not required in the pleading to recover such interest.

The above line of cases convinces the Court that there is not a requirement under Missouri law that Section 408.020 be specifically pled. However, the Southern District Court of Appeals was not completely without support in its contention that such a requirement exists. There is a line of cases in which

implications drawn from dicta have been relied upon to suggest that there is a pleading requirement for Section 408.020. Specifically, the *Pilley* court looked to *Folk v. Countryside Casualty Co.*, 686 S.W.2d 882 (Mo.Ct. App.1985) and *Parker v. National Foundation Life Ins. Co.*, 805 S.W.2d 195 (Mo.Ct. App.1991) in reaching its conclusion.

The *Folk* court held that some cases, in upholding an award of prejudgment interest, had implied that there is some type of pleading requirement. Specifically, the court found the *General Aggregate* court implied as much when it held that the language "such other relief as may be proper," was sufficient to authorize the award of Section 408.020 prejudgment interest. This was a basis for not awarding prejudgment interest in *Folk* because the pleading at issue in *Folk* lacked that type general, open-ended prayer. However, the general language in the prayer for relief from *Pilley* has the same open-ended meaning as the above quoted language from *General Aggregate*. This Court does not find that *Folk*, which recognizes such language as sufficient, supports the *Pilley* holding that such language is not sufficient to authorize an award of prejudgment interest.

The other case the *Pilley* court cites for support is *Parker*. Parker simply notes the implied pleading requirements averred to in *Folk* and states that this plaintiff has met them. *Folk* and *Parker* are weak support at best for the proposition that Section 408.020 interest must be specifically pled. Regardless, to the extent that *Folk* and *Parker* appear to be at odds with *Dierker, Holtmeier, Addison, General Aggregate* and *Haynes*, this Court holds that the weight of the authority lies with the latter.[1]

## C. Prediction of the Supreme Court of Missouri's Holding

The premise of the *Pilley* and *Chambers* decisions was that Section 408.020 must be

specifically pled. Having reached the conclusion that this premise is incorrect, the Court holds that *Pilley* and *Chambers* do not provide a sound prediction for what the Supreme Court of Missouri would hold concerning Section 408.040.2. However, reasoning from Section 408.020 does appear to be the most logical approach. This Court holds that the pleading requirements for Section 408.040.2 are the same as those for Section 408.020.

As described above, the Court believes that Missouri law does not require Section 408.020 prejudgment interest to be specifically pled. Accordingly, this Court holds that Section 408.040.2 prejudgment interest need not be specifically pled. Such open-ended prayers for relief as were approved of by the *Jaron, Dierker, Holtmeier, Addison, General Aggregate* and *Haynes* courts are sufficient to authorize the award of Section 408.040.2 interest.

■ As noted above, plaintiffs did not plead facts relating to prejudgment interest in their Complaint but did include in their prayer for relief a request "for all other losses, damages, injuries, and relief allowable under the law and as the Court shall deem necessary and proper under the circumstances." In accordance with the above reasoning, this Court holds that this language is sufficient to authorize the award of prejudgment interest under Section 408.040.2.[2] Defendant's first point in opposition to plaintiffs' motion for prejudgment interest fails.

## IV. AMBIGUOUS SETTLEMENT OFFERS

The offers and judgments in this case break down as follows: October 14, 1992 offer:

---

1. While the decision has yet to be released for publication in the permanent reporter, *Jaron Corp. v. Pellet*, 866 S.W.2d 897 (Mo.Ct.App.1993), further illustrates the problems with *Pilley* and *Chambers*. *Jaron*, out of the Southern District, was decided after both *Pilley* and *Chambers* and undercuts the foundation of both. Faced with the issue of whether Section 408.020 interest could be awarded if not specifically pled, the court cited *General Aggregate* and held that the

language "and for such other relief as the Court deems just and proper in the premises" was sufficient to authorize the award of prejudgment interest. *Jaron*, 866 S.W.2d at 901.

2. The mandate of Rule 8(f) of the Federal Rules of Civil Procedure that "[a]ll pleadings shall be so construed as to do substantial justice" further supports this Court's holding.

$1,000,000.00 for Belevia A. Gibson.

$500,000.00 for Arthur S. Gibson, IV.

October 27, 1992 offer: One dollar less than insurance coverage.

October 14, 1993 judgments:

$1,200,000.00 on wrongful death claim of both plaintiffs.

$100,000.00 on personal injury claim of Belevia A. Gibson.

$5,000.00 on personal injury claim of Arthur S. Gibson, IV.

### A. First Offer

 Plaintiffs' October 14, 1992 offer did not specify if the amounts demanded were to settle the personal injury claims or the wrongful death claim or both. The Court assumes the $1,500,000.00 offer was to settle all the claims.

Plaintiffs request an award of $97,126.03,[3] which is the interest accrued on $1,300,000.00 from sixty days after their first offer to the date of the jury verdict. Plaintiffs state that they should be awarded this amount because the judgments on Mrs. Gibson's personal injury claim and the wrongful death claim total more than the demand made by Mrs. Gibson in the first offer. Plaintiffs would apparently have this Court attribute the entire wrongful death claim judgment to Belevia A. Gibson.

For obvious reasons, it is not appropriate to attribute the entire judgment on a joint wrongful death claim to one plaintiff to meet the statute's requirement that the judgment exceed the offer. Rather, because the first offer did not distinguish between claims, the only way to compare the first offer to the judgment is by looking at the totals of both. Viewed as such, the offer does not meet the requirements of the statute because it is more than the judgment awarded.

### B. Second Offer

 The second offer was for one dollar less than the defendant's insurance policy limits.. Defendant's insurance policy provid-

ed coverage of $100,000.00 per claimant and a total of $300,000.00 per occurrence. Accordingly, the offer was for less than the judgment awarded by the jury. Defendant argues this offer is ambiguous because it was not for a specified amount. The Court does not agree. Defendant knew her insurance coverage, consequently, she was aware of the exact amount of the offer. To hold that this offer did not meet the requirements of Section 408.040.2 would be to place form over substance, especially in view of the clear policy of the statute to encourage settlement.

### V. CONCLUSION

Plaintiffs have met the requirements of Mo.Rev.Stat. § 408.040.2 and are entitled to recover prejudgment interest from defendant. This Court will award plaintiffs interest on the judgment from sixty days after the date of the second offer to the date judgment was entered. Plaintiffs' request that interest be assessed on only $1,300,000.00 of the judgment will be respected.

The sixtieth day after the October 27, 1992 offer is December 26, 1992. Judgment was entered on October 14, 1993. There are 292 days from December 26, 1992 to October 14, 1993, which is 80% of one year. Interest on $1,300,000.00 at nine percent per annum for 80% of a year is $93,600.00. The Court will award plaintiffs $93,600.00 in prejudgment interest.

It is hereby

ORDERED that plaintiffs' Motion for Assessment of Prejudgment Interest is granted. Plaintiffs are hereby awarded $93,600.00 in prejudgment interest.

---

**3.** The body of plaintiffs' motion requests $97,-126.03, but the prayer for relief requests $93,-638.22. The Court construes plaintiffs' request to be in the amount of $97,126.03.