**STATE of Missouri, Respondent,**

v.

**Marcus W. SMITH, Appellant.**

**No. WD 53558.**

Missouri Court of Appeals,
Western District.

May 5, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Kent E. Gipson, Kansas City, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

Before ULRICH, C.J., P.J., and LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

Marcus W. Smith appeals his conviction for the sale of a motor vehicle from which the original manufacturer's number had been removed, in violation of § 301.390 RSMo 1994.[1] Appellant contends the trial court erred in convicting him because the State did not prove beyond a reasonable doubt that he knew that the vehicle identification number (VIN) had been altered when he sold the vehicle.

### Facts

On December 10, 1993, Patricia Marshall's 1989 Jeep Cherokee was stolen from its parking space at Crown Center while Ms. Marshall was at work. The car was in "perfect condition." The 17–digit VIN assigned to Ms. Marshall's Cherokee was 1J4FJ78L5KL529034. Ms. Marshall testified that she did not have any of the VIN's changed on her car, nor did she tamper with those numbers.

In March 1994, Appellant approached Anita Morris at work and told her that he had a truck for sale. Ms. Morris stated that Appellant offered to sell the truck to her because he knew her sister-in-law and somehow learned that Ms. Morris had always wanted a truck. Later that month, Appellant drove to Ms. Morris's house in a black Jeep Cherokee. Appellant told her that it was a 1986 model Jeep. They agreed on a purchase price of around $4,000, and Ms. Morris gave him a down payment of $2,000 in cash. The money changed hands in Raytown.

At the time Appellant gave Ms. Morris possession of the Jeep, he did not provide her with a certificate of ownership. Approximately two weeks later, he gave her the title application, which she used to register the vehicle. The application indicated that the lien on the vehicle was held by a company called One Stop Auto Sales. When she asked him about this company, he told her that it was his car lot. The title application

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

478

also indicated that the vehicle had 415,390 miles on it.

Ms. Morris testified that she did not switch the VIN plate on the dashboard from a 1989 Jeep to a 1986 model, nor did she take the sticker off the driver's side door or take the VIN plate off the doorhood and paint it black.

On July 27, 1994, Ms. Morris's cousin, Demitrius Morris, was driving the Jeep with Ms. Morris's permission when he was stopped by the police. The police discovered that the vehicle had been registered as a 1986 Jeep. However, the car was a Jeep Cherokee Limited, a model not available in 1986. The police also noticed that the Federal Government Safety Certification Sticker was missing from the driver's door. The sticker reflects the month and year the vehicle was manufactured, and includes the VIN.

When the police first looked for the public VIN plate, which is visible by looking in the windshield on the driver's side of the dashboard, it indicated a 1986 model year. However, the manufacturer's rivets that were used to attach the plate to the dashboard were missing, and the VIN plate was affixed to the dashboard with an "adhesive substance similar to silicone steel." Also, the body plate with the VIN that should have been near the driver's hood hinge was gone, and someone had painted over the area from which it had been removed.

A sticker on the vehicle's engine indicated that the vehicle "met EPA regulations for the 1989 model year." The police then checked a "secret location" on the body of the vehicle where the last eight digits of the public VIN had been stamped, and discovered that they did not match the VIN visible on the dashboard.

Further investigation determined that the VIN's engraved on the body of the Jeep corresponded to Ms. Marshall's 1989 four-door Jeep Cherokee. The VIN's that appeared on the plate affixed to the dashboard of the stolen vehicle corresponded to a 1986 two-door Jeep Cherokee wagon.

## Standard of Review

In a court-tried criminal case, we affirm the trial court's decision unless it erroneously declares or applies the law or unless there is no substantial evidence to support it or it is against the weight of the evidence. *State v. Carnahan,* 912 S.W.2d 115, 120 (Mo.App. W.D.1995). We determine whether there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Rehberg,* 919 S.W.2d 543, 552 (Mo. App. W.D.1995). We consider as true the evidence most favorable to the state and disregard evidence and inferences to the contrary. *State v. Seaman,* 625 S.W.2d 950, 952 (Mo.App. W.D.1981).

## Argument

■ Appellant's sole point on appeal is that the trial court erred in failing to grant his motion for judgment of acquittal at the conclusion of all the evidence and further erred in finding him guilty because the evidence was insufficient to establish his guilt of the crime of sale of a vehicle with an altered identification number beyond a reasonable doubt. Appellant argues that the State was required to establish that he had knowledge of the alteration of the vehicle's identification number at the time the sale occurred, and the State failed to prove this element of the crime beyond a reasonable doubt.

We first address whether the State was required to prove that Appellant knew that the identification number had been altered. Section 301.390.1 provides, in pertinent part, that "[n]o person shall sell, or offer for sale, or shall knowingly have the custody or possession of a motor vehicle ... on which the original manufacturer's number or other distinguishing number has been destroyed, removed, covered, altered or defaced...." Violation of the statute is a Class D felony. The Missouri Supreme Court has found that "knowingly" is the *mens rea* requirement for the crime of having custody or possession of a motor vehicle in violation of § 301.390.1. *State v. Sollars,* 747 S.W.2d 134, 136 (Mo. banc 1988). However, no Missouri court has discussed the *mens rea* requirement for selling or offering a vehicle for sale under the statute.

Appellant urges us to take into account § 562.026 in resolving the issue of statutory construction. The version of § 562.026 that was in effect at all relevant times provided as follows:

A culpable mental state is not required (1) If the offense is an infraction and no culpable mental state is prescribed by the statute defining the offense; or (2) If the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense.

The plain language of § 301.390.1 indicates that the legislature clearly and deliberately wrote the statute so that "knowingly" refers only to the crime of custody or possession, and not to the crime of selling or offering for sale. The legislature is presumed to have intended exactly what it states directly and unambiguously. *Waisblum v. City of St. Joseph,* 928 S.W.2d 414, 417 (Mo.App. W.D. 1996). Courts are without authority to read into a statute a legislative intent contrary to the intent made evident by the plain language, even when a court may prefer a policy different from that enunciated by the legislature. *Kearney Special Road Dist. v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993).

In addition, MAI–CR3d 323.36 supports this interpretation of the statute. It provides that in order to find a defendant guilty, the jury must first find that "the defendant (sold) (offered for sale) [or] (knowingly had custody or possession)" of a motor vehicle. Second, the jury must find that either 1) the original manufacturer's number or other distinguishing number on the motor vehicle had been destroyed, removed, covered, altered, or defaced, or 2) the motor vehicle had no manufacturer's number or other original number or distinguishing number. Third, the jury must find that the defendant knew the number had been altered. The third note on use of this instruction states that "[p]aragraph (Third) shall be used when the defendant is charged with the custody or possession, rather than the sale, of the motor vehicle...." The referenced paragraph is the one requiring the defendant to have knowledge of the alteration. The meaning of this instruction is clear. The requirement that the defendant know that the number had been altered in order to be convicted applies only to the crime of custody or possession, and not to the crime of sale.

In the present case, there was uncontradicted testimony that Appellant sold Ms. Morris a vehicle, and that the vehicle was the one stolen from Ms. Marshall. There was also uncontradicted evidence that the VIN had been altered at the time of the sale. Therefore, the evidence in this case was sufficient for the trial court to find that Appellant sold a motor vehicle with an altered identification number.

The judgment of the trial court is affirmed.

All concur.