L. Brent **WERREMEYER** and Tonya Werremeyer, Appellants/Respondents,

v.

**K.C. AUTO SALVAGE CO., INC.;** Copart of Kansas, Inc., Respondents/Appellants.

No. SC 85551.

Supreme Court of Missouri, En Banc.

May 25, 2004.

John E. Turner, Christopher P. Sweeny, Kansas City, MO, for Appellants/Respondents.

Jerry Kenter, Kansas City, MO, for Respondent/Appellants.

DUANE BENTON, Judge.

Brent and Tonya Werremeyer bought a car from K.C. Auto Salvage Co., Inc. A dispute arose. The company refused the Werremeyers' settlement offer. After trial, the compensatory and punitive damages together exceeded the settlement offer, but the circuit court denied prejudgment interest. Following an opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Affirmed in part, reversed in part, and remanded.

Before the sale, the Werremeyers noticed that the vehicle identification number was scratched out on the window. K.C. Auto's salesman said that the former owner made the scratches in order to prevent repossession, and that the car was not rebuilt or wrecked. Mr. Werremeyer matched the vehicle identification number under the windshield plate and on the

door, to that on the title certificate. The Werremeyers arranged for an inspection of the car, which showed no problems. They purchased it for $17,500.

The Werremeyers later discovered that the car was "chop shopped" from two different cars—the top from a stolen car in California, and the bottom from a wrecked car in Nebraska. It was never repossessed. The Werremeyers offered to settle with K.C. Auto for $20,000, but the company refused. *Section 408.040.*[1] The Werremeyers sued for common-law fraud and violation of section 301.390. The jury awarded $9,000 in actual damages against K.C. Auto and a co-defendant, and $20,000 in punitive damages solely against K.C. Auto. The trial court denied prejudgment interest.

■■■ K.C. Auto claims that the evidence was not sufficient for two of the elements for fraud: whether the salesman made a *material* representation, and whether the Werremeyers *relied* on it in buying the car. *See State ex rel. Paine-Webber, Inc. v. Voorhees,* 891 S.W.2d 126, 128 (Mo. banc 1995). K.C. Auto asserts that Mr. Werremeyer's acts—checking the vehicle identification number on the title and inspecting the car—show that he did not rely on the representations, and that they were not material to the purchase. However, Mr. Werremeyer testified that he relied on the representations, and K.C. Auto does not dispute they were made. Moreover, the salesman's representations need only be a *material* factor in the Werremeyers' decision to buy the car—not the sole inducement. *Manufacturers Am. Bank v. Stamatis,* 719 S.W.2d 64, 70 (Mo. App.1986). Because the probative facts support the jury's conclusion, the claim was properly submitted to the jury.

■ K.C. Auto alleges its liability was not properly submitted under section 301.390, which says:

> No person shall sell ... a motor vehicle ... on which the original manufacturer's number or other distinguishing number has been destroyed, removed, covered, altered or defaced....

In this case, the verdict director did not require the jury to find that it *knowingly* sold a motor vehicle with an altered number. However, this was sufficient because the plain language of section 301.390 does not require such knowledge. *See State v. Smith,* 972 S.W.2d 476, 479 (Mo.App.1998). The verdict director did not misdirect the jury.

■■■ K.C. Auto attacks the punitive award. Punitive damages require a showing, by clear and convincing proof, of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred). *Rodriguez v. Suzuki Motor Corp.,* 936 S.W.2d 104, 111 (Mo. banc 1996); *Burnett v. Griffith,* 769 S.W.2d 780, 787 (Mo. banc 1989). Courts review punitive awards using three guideposts: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive award; and (3) the difference between the punitive award and penalties authorized or imposed in comparable cases. *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 574–75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The reprehensibility guidepost considers if "the harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 419, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

■ The Werremeyers bought the car after K.C. Auto represented that it had

---

1. All statutory references are to RSMo 1994.

clean title and falsely explained the vehicle identification numbers. Although K.C. Auto did not then know the "pieced-together" nature of the car, the jury could reasonably conclude that K.C. Auto acted willfully or with reckless disregard. The punitive award was supported by evidence of "intentional malice, trickery, or deceit."

■ Generally, punitive damages may be reduced when (1) similar occurrences known to the defendant have been infrequent; (2) injury likely occurs only with another's negligence; or (3) the defendant did not knowingly violate a rule designed to prevent the injury. *Alcorn v. Union Pac. R.R. Co. and Nat'l R.R. Passenger Corp.,* 50 S.W.3d 226, 248 (Mo. banc 2001). These mitigating factors certainly apply in negligence cases. *Alcorn,* 50 S.W.3d at 248; *Lopez v. Three Rivers Elec. Coop., Inc.,* 26 S.W.3d 151, 160 (Mo. banc 2000). These mitigating factors—knowledge of prior occurrences, comparative negligence, or lack of intent—are often irrelevant where the conduct is intentional. Here, the mitigating factors do not reduce the punitive award because K.C. Auto was liable for fraud, an intentional tort.

■ The Werremeyers claim prejudgment interest on all damages—punitive and compensatory. The rule is clear: "Interest shall be allowed on all money due upon any judgment or order of any court...." *Section 408.040.1. See Lester v. Sayles,* 850 S.W.2d 858, 873 (Mo. banc 1993). The adjective "all" means the entire judgment—whether compensatory or punitive.

The General Assembly amended this general rule to authorize prejudgment interest on some tort claims. *H.B. 700, 1987 Laws 792,* enacting *section 408.040.2.* Reading the general rule with the prejudgment rule, the plain language of section 408.040 allows prejudgment interest on all the amount of the judgment, including punitive damages.

■ A tort claimant is entitled to prejudgment interest if a proper offer of settlement is denied, and the judgment exceeds the offer. *Section 408.040.2.* In this case, the Werremeyers' *compensatory* damages do not exceed their settlement offer. However, the total judgment—$9,000 compensatory damages, plus $20,000 punitive damages—exceeds their settlement offer of $20,000.

Emphasizing that the verdict for actual damages of $9,000 is against it together with a co-defendant, K.C. Auto concludes that its total judgment does not exceed the $20,000 settlement offer. In tort actions for damages, however, "defendants shall be jointly and severally liable for the amount of the judgment rendered against such defendants." *Section 537.067.1.* Each defendant is individually liable for the entire judgment. *Gramex Corp. v. Green Supply, Inc.,* 89 S.W.3d 432, 440 (Mo. banc 2002). Because K.C. Auto is jointly and severally liable for the $9,000 compensatory award, its total liability exceeds the Werremeyers' settlement offer.[2]

Contrary to K.C. Auto's assertion, awarding prejudgment interest on punitive damages furthers the purpose of section 408.040. A demand for payment or offer of settlement may estimate the claimant's *total* damages. *See Call v. Heard,* 925 S.W.2d 840, 854 (Mo. banc 1996). Prejudgment interest under section 408.040 "compensates claimants for the true cost of money damages they have incurred due to the delay of litigation," and "promotes

---

**2.** K.C. Auto cites *Gibson v. Musil,* 844 F.Supp. 1579, 1583 (W.D.Mo.1994). The facts of *Gibson* are inapposite—two plaintiffs made separate demands; the joint indivisible judgment exceeded the demand of one of the plaintiffs, but not of both. The court correctly denied prejudgment interest.

settlement and deters unfair benefit from the delay of litigation." *Brown v. Donham,* 900 S.W.2d 630, 633 (Mo. banc 1995). *See generally* Annotation, *Right to Prejudgment Interest on Punitive or Multiple Damages Awards,* 9 A.L.R.5th 63 (1993).

In *Call v. Heard,* the plaintiffs demanded $10 million, in accordance with section 408.040. The compensatory award was only $9.5 million, but the punitive award pushed the total well over $10 million. *Call,* 925 S.W.2d at 853. This Court upheld prejudgment interest on both the compensatory and punitive damages.

The Werremeyers are entitled to prejudgment interest on their entire judgment against K.C. Auto. To the extent contrary to this opinion, *Hoskins v. Business Men's Assurance,* 116 S.W.3d 557, 579–82 (Mo.App.2003), is overruled.

The judgment is reversed as to prejudgment interest, affirmed in all other respects, and the case remanded.

All concur.