Toni R. FLOOD, by and through her Next Friend Jeanine Oakley, and Jeanine Oakley, Individually, Plaintiffs–Respondents,

v.

Richard N. HOLZWARTH and Shepherd, Inc., Defendants–Appellants.

No. 26307.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 28, 2005.

Application for Transfer Denied
Jan. 19, 2006.

Application for Transfer Denied
Feb. 28, 2006.

Gary R. Cunningham, Tamara F. De Wild, Kristoffer R. Barefield, Mark A. Fletcher, Lathrop & Gage, L.C., Springfield, for Appellant.

Michelle Boehm O'Neal, Larry Nichols, The Hershewe Law Firm, P.C., Joplin, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Richard N. Holzwarth ("Holzwarth") and Shepherd, Inc. ("Shepherd, Inc.") (collectively referred to as "Defendants") appeal from a judgment entered on a jury verdict against them for compensatory and punitive damages in favor of Toni R. Flood ("Flood"), by and through her next friend Jeanine Oakley ("Oakley") (collectively referred to as "Plaintiff") stemming from a collision between a tractor trailer and a van.[1] We affirm.

On January 18, 2002, at approximately 8:20 a.m., fourteen-year-old Flood was a passenger in a van driven by Chad Murphy ("Murphy") that was traveling eastbound on U.S. Highway 60 in Newton County, Missouri. Holzwarth was operating a tractor trailer unit which he owned, but had leased to Shepherd, Inc., easterly on Highway 60 behind the van. At some point Holzwarth pulled into the westbound lane of Highway 60 in an attempt to pass the van. As Holzworth's tractor trailer began to overtake the van, the van started to make a left-hand turn onto a side road. A collision occurred between the tractor trailer and the van, and Flood sustained disabling injuries.

A petition was filed on behalf of Flood seeking actual and punitive damages against Defendants. Plaintiff contended in an amended petition that Flood sustained a traumatic brain injury and had severe and permanent injuries to her mind and body including but not limited to oropharyngeal dysphagia, vocal cord dysfunction, cognitive-linguistic deficit, aspiration without aspiration pneumonitis, and ambulation and balance difficulties, and that her injuries were permanent and disabling in

1. While Oakley asserted a claim against Defendants in the amended petition, the judgment Defendants now appeal only pertains to the judgment entered in favor of Flood.

nature. It was also alleged that Holzwarth believed he was being pursued by people attempting to repossess his truck, he was operating the tractor trailer while under the influence of drugs, and that he was distracted by a pet ferret playing in and around his lap area.

In a bifurcated trial to a jury, a verdict was returned finding for Plaintiff on the claim for compensatory damages against Defendants in the amount of one million, six hundred thousand dollars ($1.6 million), and also finding that Plaintiff was entitled to punitive damages. In phase two of the trial, the jury returned a verdict for punitive damages against Defendants in the sum of three million, four hundred thousand dollars ($3.4 million). This appeal followed.

 Defendants raise seven points of error in this appeal. Except for one issue in Point I, none of the other claims of error have been preserved for appellate review. As such the only level of review available to Defendants on their remaining contentions is plain error under Rule 84.13(c),[2] which provides:

> Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

We should only exercise review under this rule if "we discern a substantial ground for believing that manifest injustice or miscarriage of justice has resulted from plain error." *Collins v. Hertenstein,* 90 S.W.3d 87, 98 (Mo.App. W.D.2002). Plain error will rarely provide the basis for overturning the judgment of the trial court in civil cases. *Davolt v. Highland,* 119 S.W.3d 118, 135–36 (Mo.App. W.D.2003). Plain error review places a greater burden on appellants because plain error is more than prejudicial error. *Id.*

We review Points I, III and IV together. In Point I, Defendants argue that Plaintiff elicited testimony from Holzwarth, Eddie Shepherd ("Shepherd") and Phillip Hayes' ("Hayes")[3] concerning methamphetamine use and drug-related offenses that were not related to the January 18, 2002, accident. They argue that this testimony constituted improper impeachment, was irrelevant and prejudicial. In Point III, Defendants argue that it was plain error to allow the Lawrence County Prosecuting Attorney ("the Prosecutor")[4] to testify as to criminal charges against employees of Shepard, Inc. and the general methamphetamine use in Southwest Missouri, in that it was irrelevant to the January 18, 2002, accident and that its prejudicial impact outweighed any probative value it may have had. In Point IV, Defendants argue that testimony from Kevin Hackathorn ("Hackathorn") regarding his methamphetamine use and drug-related offenses was not relevant to the January 18, 2002, accident, constituted improper impeachment and its prejudicial impact outweighed any probative value it may have had. In all the above points, Defendants argue that this evidence allowed the jury to consider acts unrelated to the January 18, 2002, accident.[5] Defen-

---

**2.** All references to rules are to Missouri Rules of Civil Procedure (2004) unless otherwise indicated.

**3.** Hayes did not actually testify, his deposition was read into the record by Plaintiff's counsel.

**4.** The accident happened in Newton County and the case was tried in Lawrence County.

**5.** We note that while the case was submitted to the jury on the theory of respondeat superior, Plaintiff also plead negligent retention of Holzwarth by Shepherd, Inc. in their First Amended Petition for Damages. We see no

dants' primary complaint in these points, is that Holzwarth, Shepherd, Hayes and Hackathorn were compelled to testify to their past criminal acts involving methamphetamines, some of which were in connection with their employment with Shepherd, Inc. Defendants also argue that the trial court erred by admitting the criminal records pertaining to those acts into evidence. Those records are important to our decision on these points.

■ Defendants argue that their objection to Hayes' testimony at trial preserved this portion of Point I for appeal, thus we should review that claim of error for abuse of discretion. Assuming without deciding that Defendants are correct; their point is without merit. Hayes' criminal records were admitted into evidence after the trial court asked Defendants if they had any objection, and Defendants said no. The admission of Hayes' criminal records makes his testimony cumulative and therefore not prejudicial. *See Porter v. Erickson Trans. Corp.*, 851 S.W.2d 725, 740–741 (Mo.App. S.D.1993). Therefore, regardless of the standard of review used, the fate of Hayes' testimony is the same as that of Holzwarth's, Shepherd's, and Hackathorn's.

■ Plaintiff reminds us that, just as with Hayes' criminal records, not only did Defendants fail to object to the criminal records of Shepard, Holzwarth and Hackathorn, they affirmatively consented to their admission into evidence. Plaintiff correctly argues that an announcement of "no objection" when evidence is sought to be admitted, leaves no room for even plain error appellate review. *McCormack v.*

*Capital Elec. Constr. Co., Inc.*, 159 S.W.3d 387, 398 (Mo.App. W.D.2004). Given this rule, it is clear that Holzwarth, Shepard and Hackathorn's drug use, in the form of their criminal records, would have been before the jury regardless of whatever live testimony was given by them. Defendants are "not entitled to assert prejudice by admission of evidence if such evidence is merely cumulative to other related admitted evidence." *Porter*, 851 S.W.2d at 740–741. As such, we cannot say that it was plain error to allow testimony regarding this information from Holzwarth, Shepherd and Hackathorn.

The Prosecutor was allowed to testify, during the punitive damages phase of the trial, about the general methamphetamine problem plaguing Southwest Missouri, and Defendants argue in Point III, that this was irrelevant and allowed the jury to consider the criminal actions of others in determining the punitive damages to be awarded against Defendants.[6] On its face, there are substantial questions about the relevance of this testimony and as such we will review for plain error.

■ Assuming without deciding that the trial court erred in allowing the Prosecutor's testimony, a close inspection of the record reveals that such an error is not plain error. Based upon all the evidence, we can not say that the statements made by the Prosecutor rose to the level of a manifest injustice or a miscarriage injustice because evidence of methamphetamine use by Holzwarth and other drivers at Shepherd, Inc., was clearly before the jury. We also note that the trial transcript in this case is nearly 1500 pages in

---

indication in the record that the negligent retention claim was dismissed prior to submission of the case.

**6.** Defendants also argue that the portion of the Prosecutor's testimony pertaining to the

criminal records of the Shepherd, Inc. employees was erroneously allowed, however, for the reasons stated above, this is merely cumulative to the criminal records which were admitted into evidence.

length and of that only about four pages is taken up by the Prosecutor's testimony. Plain error places a greater burden on an appellant than does a review for prejudicial error. *Davolt*, 119 S.W.3d at 135–36. Plain error and prejudicial error are not synonymous terms. *Id.* (quoting *State v. Reed*, 21 S.W.3d 44, 47 (Mo.App. S.D. 2000)). Because of the foregoing reasons, Points I, III and IV are denied.

In Point II, Defendants claim that the trial court erred in denying their Motion for Judgment Notwithstanding the Verdict ("JNOV"). They essentially argue that Plaintiff did not make a prima facie case to submit the issue of punitive damages to the jury. They assert that there was no evidence of erratic driving on the part of Holzwarth and there was no clear and convincing evidence that his methamphetamine use had a causal connection to the accident. We disagree.

The standard of review for a motion for JNOV is the same as that for denial of a motion for directed verdict; its denial will be affirmed unless the plaintiff failed to make a submissible case. *Balke v. Central Mo. Elec. Coop.*, 966 S.W.2d 15, 20 (Mo. App. W.D.1997). In determining whether a plaintiff has made a submissible case, we "accept all evidence and reasonable inferences favorable to the verdict, disregarding contrary evidence." *Id.*

Plaintiff points out that Defendants have also not preserved this issue for review. Rule 72.01 governs a motion for a directed verdict as well as a motion for JNOV. In order to move for a JNOV, a party must have first requested a directed verdict before the case was submitted to the jury. Rule 72.01(a). The motion for a directed verdict "shall state the specific grounds." *Id.* Defendants did move for a directed verdict at the close of the evidence, however, it was an oral motion in which Defendants' counsel stated: "[a]t the close of all

the [e]vidence, I would move orally for a[d]irected [v]erdict."

In *Dierker Associates, D.C., P.C. v. Gillis*, 859 S.W.2d 737, 742 (Mo.App. E.D. 1993), the eastern district of this court was faced with a similar situation in which an appellant orally moved for a directed verdict at the close of evidence, offering no rationale or support, and after the jury found against her, moved for a JNOV. On appeal she asserted that the trial court erred in not sustaining her motion for a JNOV, and the court held that because her oral motion failed to comply with Rule 72.01, nothing was preserved for appellate review, despite the fact that her motion for JNOV contained specific arguments. *Id.* at 743. The instant case presents this exact situation.

As discussed above, Rule 84.13(c) provides for plain error review of issues not properly preserved for appellate review. Although Defendants contend that we should grant relief for plain error, we do not find substantial ground to believe that a manifest injustice or a miscarriage of justice occurred when the trial court overruled Defendants' motion for JNOV. *See Collins*, 90 S.W.3d at 98.

Even a cursory glance at the evidence supports the trial court's decision to deny the JNOV. Punitive damages may be awarded if "the defendant 'showed complete indifference to or a conscious disregard for the safety of others.'" *Call v. Heard*, 925 S.W.2d 840, 849 (Mo. banc 1996) (quoting *Stojkovic v. Weller*, 802 S.W.2d 152, 155 (Mo. banc 1991), *overruled on other grounds by Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104, 109 (Mo. banc 1996)). Holzwarth admitted to having methamphetamine in his system on the day of the accident, January 18, 2002; there was evidence he had been traveling at upwards of eighty-five miles per hour in

an attempt to escape the repossession company that he believed at the time was chasing him; and finally the events surrounding the accident itself, in which Holzwarth attempted to pass five automobiles at one time on a two lane road as they passed through an intersection.

Viewed in the light most favorable to the verdict, this evidence tends to show Holzwarth's complete indifference or conscious disregard for the safety of others. "This court will not reweigh the evidence." *Hoskins v. Business Men's Assurance*, 116 S.W.3d 557, 571 (Mo.App. W.D.2003) *overruled on other grounds by Werremeyer v. K.C. Auto Salvage Co.*, 134 S.W.3d 633, 637 (Mo. banc 2004). Based upon this we find no substantial basis to believe that either a manifest injustice or a miscarriage of justice has occurred and as such we decline to exercise plain error review. Point II is denied.

■■■ In Points V and VI, Defendants assert instructional error and we discuss them together. In Point V, Defendants assert that the verdict directing instruction effectively gave the jury a "roving commission" in that it did not limit the jury's inquiry to whether Holzwarth's methamphetamine use on January 18, 2002, caused or contributed to Plaintiff's damages, nor did the instruction require the jury to find that use of methamphetamines while driving, in this instance, rose to the level of complete indifference or conscious disregard for the safety of others. In Point VI, Defendants argue that the verdict form improperly required the jury to assess punitive damages against both Holzwarth and Shepherd, Inc. as one, as opposed to

allowing the jury to allocate some or all of punitive damages to one or the other.[7] For reasons discussed below we do not reach the merits of either point.

Again Defendants concede that they have not preserved these issues for review, and they ask us to review the submission of these instructions for plain error. The standard for plain error has been explained above and need not be repeated here. However, we note that not only did Defendants fail to preserve a claim for instructional error as required by Rule 70.03, the trial court specifically asked Defendants if they had any objection to the instructions to be submitted for both the compensatory phase, and the punitive damages phase of the trial, and in both instances Defendants said no.

■■■ While not necessarily the case in all circumstances, Defendants' affirmative acceptance of these instructions here prevents us from finding any substantial grounds to believe that a manifest injustice or a miscarriage of justice resulted from the submission of these instructions to the jury.[8] *See Collins*, 90 S.W.3d at 98. In this case we cannot say that the trial court erred in taking Defendants at their word when they said "no" when asked if they had any objection to any of the jury instructions. "Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or oversight." *King v. Unidynamics Corp.*, 943 S.W.2d 262, 266 (Mo.App. E.D.1997).

■■■ Defendants' Point V essentially focuses upon the trial court's failure to place the date of the occurrence in the verdict directing instruction. While they raise the

---

7. We note that Defendants concede in the argument portion of Point I, that punitive damages were sought against Shepherd, Inc. on the basis of its agency relationship with Holzwarth.

8. Courts are more likely to review for plain error in criminal cases in which a defendant states that he has no objection to the proposed jury instructions. *See State v. Wurtzberger*, 40 S.W.3d 893, 898 (Mo. banc 2001); *State v. Beck*, 167 S.W.3d 767, 776–77 (Mo. App. W.D.2005).

issue of causation, it is of no consequence because Defendants conceded that Holzwarth and Shepherd, Inc. caused the injuries to Flood. Therefore, the only issue contested regarding that instruction was whether Defendants' conduct rose to the level that would justify imposing punitive damages. While the trial court's failure to limit the jury's consideration of when Holzwarth had driven his tractor trailer after using methamphetamine to January 18, 2002, may have been erroneous on its face, that error does not raise to the level of a manifest injustice or miscarriage of justice. As we have said, appellate courts rarely reverse for plain error in civil cases. We should only do so in those situations when the injustice is of the error is so egregious as to "weaken the very foundation of the process," and "seriously undermine confidence in the outcome of the case." *Davolt,* 119 S.W.3d at 136.

 Likewise, in Point VI, Defendants claim that the trial court erred by not allowing the jury to consider the Defendants' liability for punitive damages separately does not merit plain error review. Plaintiff argues that *Rinker v. Ford Motor Co.,* is dispositive of this issue because it clearly states that "Missouri does not follow the 'complicity rule.'" 567 S.W.2d 655, 669 (Mo.App.K.C.Dist.1978). Rather, when an employer is vicariously liable for the acts of his agent, all that is necessary to award punitive damages against the employer is for the agent to be acting in the scope of employment and that his actions meet the level justifying an award of punitive damages. *See Id.* In this case Defendants have conceded vicarious liability. Therefore the verdict form which simply allowed for the assessment of punitive damages against both Holzwarth and Shepherd, Inc. together was not erroneous. Accordingly, Defendants' Points V and VI are denied.

In Point VII, Defendants assert that the trial court erred in not sustaining their motion for a new trial. In this point they essentially argue the same issues that were relied upon in Points I through VI. We have already addressed those issues above and each was resolved in favor of Plaintiff. Further elaboration is unnecessary, therefore Point VII is denied.

While there are questions about the relevance of much of the evidence at issue in this appeal, Defendants failed to preserve these issues for appellate review.[9] It is justifiably rare for appellate courts to reverse a trial court on the basis of plain error in civil cases. *Verbrugge v. ABC Seamless Steel Siding, Inc.,* 157 S.W.3d 298, 303 (Mo.App. S.D.2005). This case does not persuade us to depart from that tradition. Accordingly, the judgment of the trial court is affirmed.

PREWITT, J., and RAHMEYER, J., concur.

9. Defendants' counsel on appeal was not trial counsel.