In the
 Missouri Court of Appeals
 Western District

 
 SHELLEY GRAY, 
 
 Respondent,  WD83739
 v.  OPINION FILED:
 
 MISSOURI DEPARTMENT OF  SEPTEMBER 7, 2021
 CORRECTIONS, 
 
 Appellant. 
 

 Appeal from the Circuit Court of Jackson County, Missouri
 The Honorable Justine E. Del Muro, Judge

 Before Division One: Lisa White Hardwick, Presiding Judge, Alok Ahuja, Judge,
 Anthony Rex Gabbert, Judge

 The Missouri Department of Corrections (DOC) appeals the circuit court’s Judgment,

entered on a jury verdict, which found in favor of Shelley Gray and against the DOC on Gray’s

claims of retaliation and hostile work environment under the Missouri Human Rights Act

(MHRA), Section 213.010, et seq., RSMo 2016. On appeal, the DOC asserts that the circuit court,

1) erred in submitting Instruction Number 9 to the jury over the DOC’s objection, arguing that the

instruction was factually and legally unsupported, and 2) abused its discretion in applying a 1.50x

multiplier to Gray’s attorneys’ fees request, arguing there was no basis to apply the multiplier. We
affirm the judgment of the trial court and remand to the trial court for a determination of

appropriate attorney fees for this appeal.

 Background and Procedural History

 As relevant to the issues in this appeal, and in the light most favorable to the Judgment, the

evidence at trial showed that Gray was hired to work for the DOC in 1997. She transferred to the

Kansas City Reentry Center (KCRC) in 2000. In 2016, she was promoted to Captain/Chief of

Custody at KCRC. Lily Angelo became the Warden/Superintendent of KCRC in 2015. Leesa

Wiseman was the Deputy Warden at KCRC and, in 2017, was Gray’s immediate supervisor.

 In January 2017, Gray and Wiseman attended a meeting with Angelo during which Angelo

directed them to figure out how to stop employees from using Family and Medical Leave Act

(FMLA) leave. Gray believed this was an illegal directive and that FMLA leave was important

because employees use it for medical conditions like diabetes, epilepsy, cancer, mental health

issues, and to support family members with the same. Gray believed that this directive was also

in violation of DOC policy D.2-11.4 regarding anti-discrimination. Although Wiseman was also

part of the meeting, Gray followed policy and reported to Wiseman Gray’s concerns about

Angelo’s directive to stop employees from using FMLA leave. On January 11, 2017, Wiseman

forwarded Gray’s complaint to Angelo, Cyndi Prudden (Deputy Division Director over the

KCRC), Rafael Campbell (Human Resources), and Lisa Highfill (Angelo’s administrative

assistant). Approximately five weeks after Wiseman forwarded Gray’s complaint, Angelo directed

Wiseman to place Gray on a Performance Improvement Plan. On March 1, 2017, Wiseman placed

Gray on the Performance Improvement Plan.

 Gray subsequently filed a Charge of Discrimination and lawsuit against the DOC and

Angelo. Gray’s First Amended Petition for Damages alleged five counts: 1) Discrimination based

 2
on associational disability under the MHRA, 2) Discrimination based on sex in violation of the

MHRA, 3) Discrimination based on race under the MHRA, 4) Illegal retaliation in violation of the

MHRA, and 5) Hostile work environment in violation of the MHRA. Trial commenced December

5, 2019. Angelo was dismissed on the first day of trial. On December 18, 2019, the jury returned

verdicts in favor of the DOC on Gray’s race and sex discrimination claims.1 The jury found in

favor of Gray on her retaliation and hostile work environment claims; the jury awarded $50,000

in actual damages and $250,000 in punitive damages.2

 The DOC filed a Motion for Judgment Notwithstanding the Verdict, Remittitur, or, in the

Alternative, New Trial, which the trial court denied. Gray’s counsel filed a Motion for Attorneys’

Fees, Costs, Expenses, and Post-Judgment Interest, which the DOC opposed. Gray’s counsel

sought attorneys’ fees totaling $501,345, which included a 1.5 multiplier. The court awarded

$468,687.50, which included a 1.5 multiplier. This appeal follows.

 Point I – Jury Instruction Number 93

 In the DOC’s first point on appeal, it contends that the trial court erred in submitting

Instruction Number 9 to the jury over the DOC’s objection, arguing that the instruction was

factually and legally unsupported. First, the DOC contends that the instruction did not include all

 1
 The DOC was granted summary judgment on Gray’s count alleging “Discrimination Based on Associational
Disability.”
 2
 Gray contends that the jury awarded no damages on the MHRA retaliation claim, and that all damages
awarded were for Gray’s MHRA hostile work environment claim. The record reflects that Gray alleged the same
damages for each claim, and that the damages which were awarded by the jury encompassed all claims on which Gray
prevailed.
 3
 Gray moved to dismiss the DOC’s first point on appeal, alleging that the DOC failed to comply with Rule
84.04 by not describing in its appeal brief how the alleged jury instruction error was preserved for appellate review.
Gray’s motion was taken with the case, and is now denied. We find that the DOC’s appeal brief sufficiently explains
how it believes it preserved the alleged error and is, therefore, in compliance with Rule 84.04. Whether the DOC
actually preserved the issue for appellate review, which Gray contends in her respondent’s brief also did not occur, is
an issue separate from Rule 84.04 compliance and we address it herein.

 3
relevant facts but, rather, assumed essential facts that the jury was required to deliberate on,

including that Gray complained of discrimination against a protected class. The DOC argues that,

because the instruction did not include this key fact for the jury’s consideration, the instruction

assumed a disputed essential fact and the submission was error. Second, the DOC contends that

the instruction improperly equated an FMLA claim with a disability discrimination claim under

the MHRA. Gray contends that the DOC failed to preserve all aspects of its first point on appeal.

 The record shows that, at trial, the DOC raised two issues with regard to Instruction

Number 9 which was the verdict director for Gray’s retaliation claim. First, the DOC requested

that a portion of the Instruction that stated, “that Plaintiff opposed directive” be changed as the

DOC thought use of the word “directive” was argumentative, prejudicial, and something the jury

should decide. The DOC ultimately suggested that, “opposed not taking action about FMLA” be

used. The wording, “Plaintiff opposed taking action related to FMLA” was ultimately agreed upon

by all parties. The DOC now argues that this wording “assumes Plaintiff complained of

discrimination covered by the MHRA – which she did not – without explicitly asking the jury to

find that element.”

 We find that the DOC failed to preserve its claim that Instruction Number 9 erroneously

assumed essential facts. The very portion of Instruction Number 9 that the DOC argues assumes

Plaintiff complained of discrimination covered by the MHRA was expressly agreed to by the

DOC’s counsel with the statement, “That’s fine.” The DOC never raised with the trial court, either

at trial or in its motion for new trial, the argument it now makes on appeal. As this claim is

unpreserved, we will not address it.

 “Timely objections to an instruction are required as a condition precedent to appellate

review in order to afford the trial court an opportunity to correct any mistakes immediately and

 4
inexpensively without risking the delay and expense of an appeal and a retrial.” Ross-Paige v.

Saint Louis Metropolitan Police Department, 492 S.W.3d 164, 170 (Mo. banc 2016). “To preserve

a claim of instructional error, a specific objection must be made stating ‘distinctly the matter

objected to and the grounds of the objection.’ The same objection must also be raised in the motion

for a new trial.” Carroll v. Kelsey, 234 S.W.3d 559, 562 (Mo. App. 2007) (quoting Rule 70.03).

Where a party affirmatively indicates in the trial court that it has no objection to an instruction or

other trial court ruling, it may be found to have “intentionally abandoned” the issue, waiving even

plain-error review. See, e.g., Gaal v. BJC Health Sys., 597 S.W.3d 277, 291 (Mo. App. 2019);

Flood v. Holzwarth, 182 S.W.3d 673, 679 (Mo. App. 2005); McCormack v. Capital Elec. Construc.

Co., 159 S.W.3d 387, 399 (Mo. App. 2004).

 Second, the DOC argues that Instruction Number 9 was erroneous because it improperly

equated an FMLA claim with a disability discrimination claim under the MHRA. The DOC argues

that, because not all FMLA issues are a disability under the MHRA, a plaintiff cannot use the

MHRA’s protection for disability discrimination to “shoehorn” an FMLA action into an MHRA

action.

 At trial, after rewording the “directive” language in Instruction Number 9 as discussed

above, the DOC stated the following: “We would just raise our objection about the basis of

disability being proper.” This comment referenced prior objections made to the court during

discussions of the race and sex discrimination instructions wherein the DOC argued that the FMLA

is not covered by the MHRA and “does not fit under any sort of protected category under the

MHRA, including disability.” Gray’s response was that the DOC failed to investigate Gray’s

complaints, and she had a right to have her complaints investigated under the DOC’s policies and

the MHRA. Gray argued that she was treated differently on the basis of her race, because when

 5
white employees made complaints, those complaints were investigated. Further, that Gray made

a complaint about being asked to keep subordinates from taking FMLA leave, “but the complaint

was that she was being asked to discriminate against people on what she perceived was on the

basis of a disability.” The DOC responded that the FMLA “is not protected under the MHRA

because it is not a portion of disability.”

 In “Defendant’s Motion for Judgment Notwithstanding the Verdict, Remittitur, or, in the

Alternative, New Trial,” the DOC claimed that “Judgment should be granted in favor of the

Defendants because an FMLA claim cannot be submitted to the jury as an ADA claim,” arguing

that all jury instructions were improper because all instructions equated the FMLA with the

MHRA. The DOC went on to argue that Instruction Number 9 “equated questions about FMLA

with disability discrimination” and that the mere claim of FMLA issues is not sufficient for a

discrimination claim. Further, that FMLA violations are a federal claim and not given statutory

protection under the MHRA.

 Upon reviewing the record, we find the DOC’s contention that Instruction Number 9

improperly equated an FMLA claim with a disability discrimination claim under the MHRA to be

preserved, although meritless.

 Instruction Number 9 stated the following:

 Your verdict must be for plaintiff on plaintiff’s claim of retaliation if you believe:

 First, Defendant either:

 Issued plaintiff unwarranted negative feedback on her February 3,
 2017 log note, or

 Placed plaintiff on a performance improvement plan on or about
 March 1, 2017, and

 Second, plaintiff opposed taking action related to FMLA, and

 6
 Third, plaintiff’s opposition was based on her reasonable, good faith belief
 that the directive was an unlawful discriminatory practice on the basis of
 disability, and

 Fourth, plaintiff’s opposition was a contributing factor in any of the conduct
 in Paragraph First, and

 Fifth, as a direct result of such conduct, plaintiff sustained damages.

 We find that all of the DOC’s arguments with regard to Instruction Number 9 allegedly

equating an FMLA claim with a disability discrimination claim under the MHRA hinge on its

contention that FMLA issues are not covered under the MHRA’s definition of disability. Yet, even

presuming this is true, Gray need not have reported or complained about disability discrimination

as defined by the MHRA in order to maintain her retaliation action. To present a prima facie case

of retaliation under the MHRA, a plaintiff must show, 1) the plaintiff complained of discrimination,

2) the employer took adverse action against the plaintiff, and 3) a causal relationship existed

between the complaint of discrimination and the adverse employment action. McGaughy v.

Laclede Gas Company, 604 S.W.3d 730, 751 (Mo. App. 2020). However, “it is irrelevant to a

claim of retaliation that the act complained of was not legally actionable. The only issue is whether

the person making the complaint has a reasonable good faith belief that there were grounds for the

claim of discrimination or harassment.” Soto v. Costco Wholesale Corp., 502 S.W.3d 38, 48

(internal quotation marks and citations omitted).

 Here, the jury had to decide, pursuant to Instruction Number 9, that Gray’s opposition to

“taking action related to FMLA” was based on a “reasonable, good faith belief that the directive

was an unlawful discriminatory practice on the basis of disability.” The DOC’s contention that

the trial court’s submission of Instruction Number 9 to the jury was “legally unsupported” because

 7
it improperly equated an FMLA claim with a MHRA disability claim is, therefore, baseless.

Whether attempting to keep employees from taking FMLA leave is actually an unlawful

discriminatory practice on the basis of disability under the MHRA is irrelevant to Gray’s MHRA

retaliation claim that, she was retaliated against after expressing opposition to what she reasonably

and in good faith believed to be an unlawful discriminatory practice on the basis of disability.4

 Point I is denied.

 Point II – 1.50x Multiplier for Attorneys’ Fees

 In its second point on appeal, the DOC contends that the circuit court abused its discretion

in applying a 1.50x multiplier to Gray’s attorneys’ fees request, arguing there was no basis to apply

the multiplier because the trial court failed to explain its reasoning or analysis to justify awarding

a rare and exceptional enhancement to the fees, and utilized the same minimal evidence that was

already utilized in its analysis of the base lodestar calculation.

 “We review the trial court’s award of reasonable attorney’s fees for an abuse of discretion.”

Hill v. City of St. Louis, 371 S.W.3d 66, 81 (Mo. App. 2012). We deem the trial court an expert on

fees in a given case due the court’s familiarity with all issues in the case and the character of the

legal services rendered. See Essex Contracting, Inc. v. Jefferson Cty., 277 S.W.3d 647, 656-57

(Mo. banc 2009) (quoting Nelson v. Hotchkiss, 601 S.W.2d 14, 21 (Mo. banc 1980)). The trial

court may determine attorney fees without the aid of evidence. Id. “We presume an award of

attorney’s fees to be correct, and the complaining party has the burden to prove otherwise.” Hill,

371 S.W.3d at 81 (internal citation omitted). We will only reverse if it is shown that the award of

 4
 The DOC makes no claim that the evidence did not support that Gray’s opposition to taking action related
to FMLA was based on Gray’s reasonable, good faith belief that the FMLA directive was an unlawful discriminatory
practice on the basis of disability. The DOC had an opportunity to argue to the jury that Gray’s claimed beliefs were
unreasonable and/or not raised by Gray in good faith.

 8
attorney fees was against the logic of the circumstances and so arbitrary and unreasonable as to

shock one’s sense of justice. Id. (internal citation omitted).

 The Missouri Supreme Court has stated that, “[w]hen a trial court must determine whether

to apply a multiplier, it should avoid awarding a multiplier based upon facts that it considered in

its initial determination of the lodestar amount.” Berry v. Volkswagen Group of America, Inc., 397

S.W.3d 425, 432 (Mo. banc 2013). Some factors beyond a lodestar amount the Court has found to

justify a multiplier include, 1) that the fees to be received by counsel were always contingent, 2)

taking the case precluded class counsel from accepting other employment that would have been

less risky, and 3) the time required by the demands of preparing the cause for trial delayed

counsel’s other work. Id. The Court has also stated that discretionary fee awards provided for in

paternalistic legislation are designed to protect those who cannot protect themselves, and not only

remedy violations, but also prospectively deter prohibited conduct and protect Missouri citizens.

Id. at 432-433.

 Here, Gray’s twenty-two-page “Motion for Attorneys’ Fees, Costs, Expenses, and Post-

Judgment Interest with Supporting Suggestions” included a detailed explanation to prove the

calculated lodestar amount as well as justify the requested enhancement. With regard to the

requested multiplier, Gray argued, and supported with attached exhibits, that the fees to be received

by Gray’s counsel were always contingent (unlike fees received by counsel for the DOC), that

Gray’s case precluded counsel from accepting other employment that would have been less risky,

and the time required by the demands of preparing Gray’s case for trial delayed work on counsels’

other cases. In response, the DOC argued that, while Gray had shown that the fees to be received

by her counsel were always contingent, Gray had not proven that her counsel was prevented from

accepting other employment, or that counsels’ other work was delayed. The DOC argued that this

 9
was evidenced by one of Gray’s attorneys being double-booked and trying a different case during

the time Gray’s case was at trial, and that two of Gray’s other attorneys tried a case together soon

after Gray’s case ended.

 In ruling on Gray’s attorneys’ fees request, the court acknowledged the various motions,

memorandums, and suggestions filed by both parties and stated that its judgment was being made

after careful review. The court acknowledged that time logs, affidavits, and a recent copy of

Missouri Lawyers Weekly had been filed by Gray in support of her attorneys’ fees request. The

court also provided an explanatory memorandum wherein the court individually addressed the

DOC’s opposition to Gray’s attorneys’ fees request, including the DOC’s contentions that: 1)

Gray’s attorneys’ fees request should be reduced by 50% because she only prevailed on two claims,

2) one of Gray’s attorneys should have his fees reduced by 25% because he joined the case only

one month before trial, 3) a lodestar enhancement was unreasonable, 4) the hourly rates requested

by each of Gray’s attorneys were unreasonable, 5) Gray’s counsel should not have charged full

rates when completing clerical or ministerial tasks, 6) Gray’s counsel performed duplicate tasks

which resulted in excessive billing, and 7) various costs and expenses requested by Gray’s

attorneys were not statutorily authorized.5 With regard to the attorneys’ fees enhancement the

court stated: “Plaintiff seeks a multiplier of 1.50[x]. Defendant argues that this multiplier is

unreasonable. As evidence by the billing records attached to Plaintiff’s Motion for Attorney’s

Fees, the Court finds a 1.50[x] multiplier is reasonable for Plaintiff’s attorneys’ billable hours, and

it will be applied here.”

 5
 The court’s careful consideration of the DOC’s arguments is evident from the court granting some fee
reductions based on arguments made by the DOC.

 10
 In considering the DOC’s second point on appeal, we first note that, the DOC does not

argue that the court could not have justifiably awarded a multiplier given the record; the DOC’s

contention is that the circuit court abused its discretion in applying a multiplier because the court

“provided no reason as to why it chose to grant a multiplier to the Plaintiff’s attorneys’ fees,”

“failed to explain its reasoning or analysis,” and “utilized the same minimal evidence that was

already utilized in its analysis of the base lodestar calculation.” The DOC argues that “it is the

trial court’s duty to analyze and explain why it is granting a multiplier,” and that the “trial court

must do so without utilizing the same factors it considered in its initial determination of the lodestar

amount.” Further, that the court’s brief statement regarding the multiplier evidenced that “the trial

court performed no analysis whatsoever on the issue of the multiplier” and considered none of the

DOC’s arguments against the multiplier. The DOC ultimately concludes that, “because the trial

court did not explain its reasoning and arbitrarily enhanced Plaintiff’s attorneys’ fees by 1.50[x],

the lodestar multiplier must be reversed and the fee award must be reduced to the lodestar amount

of $312,458.33.”

 Pursuant to Rule 75.01, a trial court retains control over judgments for thirty days following

entry of judgment and, after giving the parties an opportunity to be heard and for good cause, may

vacate, reopen, correct, amend, or modify its judgment. Rule 78.07(a) provides that, in jury tried

cases, except for certain issues inapplicable here, allegations of error must be included in a motion

for new trial in order to be preserved for appellate review. “Allegations of error based on matters

occurring or becoming known after final submission to the court or jury shall be stated

specifically.” Id. Rule 78.07(c) provides that, “[i]n all cases, allegations of error relating to the

form or language of the judgment, including the failure to make statutorily required findings, must

be raised in a motion to amend the judgment in order to be preserved for appellate review.”

 11
 Here, despite the DOC arguing that the court had a duty to explain its award of a multiplier

and failed to do so, the DOC never requested a more detailed explanation for the court’s attorneys’

fees enhancement under Rule 78.07(c). Nor did the DOC raise with the trial court that it believed

the court’s ultimate award was legally erroneous or arbitrary. Although the DOC states that it

“preserved this argument when it argued the 1.50[x] multiplier was inappropriate in its opposition

to Plaintiff’s attorneys’ fees,” advocating for a particular position on an issue is wholly separate

from alleging that the court’s ultimate judgment is arbitrary and amounts to an abuse of discretion.

In opposing Gray’s fee enhancement request, the argument made by the DOC to the trial court was

that Gray’s attorneys had not shown they met the criteria for receiving an enhancement. On appeal,

the DOC argues something different -- that “there was no basis to apply the multiplier in that the

trial court failed to explain its reasoning or analysis as to justify awarding a rare and exceptional

enhancement to the fees, and utilized the same minimal evidence that was already utilized in its

analysis of the base lodestar calculation.” The specific issues raised on appeal were simply never

raised with the trial court.

 We are cognizant that in Perdue v. Kenney A. ex rel. Winn, 559 U.S. 542 (2010), the United

States Supreme Court held that in Title 42 U.S.C. § 1988 civil rights cases, “it is essential that the

judge provide a reasonably specific explanation for all aspects of a fee determination, including

any award of an enhancement.” Id. at 558. The Court further stated that, “unless such an

explanation is given, adequate appellate review is not feasible, and without such review, widely

disparate awards may be made, and awards may be influenced (or at least, may appear to be

influenced) by a judge’s subjective opinion regarding particular attorneys or the importance of the

case.” Id. Yet, where the DOC contends that the court’s failure to explain itself via more specific

findings rendered its ruling an abuse of discretion, we think it incumbent upon the DOC to have

 12
requested more specific findings pursuant to Rule 78.07(c) and long-established precedent. See

Estate of Overby v. Chad Franklin National Auto Sales North, LLC, 361 S.W.3d 364, 370 n.2 (Mo.

banc 2012) (wherein our Missouri Supreme Court refused to consider an appellant’s claim that the

trial court abused its discretion in awarding attorney’s fees where the appellant raised the issue for

the first time on appeal stating: “To preserve an issue for appeal, it must be presented to the trial

court.”).6

 Because we begin with the presumption that the court’s attorneys’ fees award is correct,

we also presume that the court’s reasoning for the award is legally and factually supported. The

burden to rebut these presumptions lies with the party challenging the award. Hill, 371 S.W.3d at

81. Simply arguing that the court failed to explain the award is insufficient where the opportunity

to obtain a more thorough explanation was available through a Rule 78.07(c) motion.7 Likewise,

although the court was certainly aware prior to issuing its Judgment that the DOC opposed an

enhancement to the base lodestar calculation, the DOC never apprised the court of its belief that

the court’s ultimate Judgment erroneously utilized base lodestar evidence in determining the

enhancement.

 Point II is denied.

 6
 In Berry v. Volkswagen Group of America, Inc. our Missouri Supreme Court also stated: “While recognizing
the rationale in Perdue may provide useful guidelines for the initial determination by the trial court, this Court declines
to adopt the use of these federal guidelines to modify long standing Missouri law.” 397 S.W.3d at 432.
 7
 Although the DOC argues that, “at most, the trial court vaguely refers to evidence it already used to justify
the market rate for the lodestar calculation” in determining the enhancement, we cannot conclude that the “billing
records” referenced by the court to support the enhancement do not independently support enhancement on grounds
separate from the lodestar amount. “Billing and expense statements”, also titled “time entries,” were attached to
affidavits by counsel that discussed how Gray’s case was taken on a contingency basis, how taking Gray’s case
precluded counsel from accepting less risky employment, and that the time required by the demands of preparing
Gray’s case for trial delayed work on counsels’ other work. Specific portions of the affidavits were cited by Gray
when advocating for a multiplier, and different portions of the affidavits, along with the time entries, were cited by
Gray when discussing the lodestar amount. Without more, we simply cannot presume that the court’s reference to
“billing records” only narrowly includes the time entries and not the affidavits to which the time entries were attached.

 13
 Conclusion

 We affirm the circuit court’s judgment. Gray filed a motion with this court for an award

of attorneys’ fees incurred on post-trial motions and on appeal pursuant to Section 213.111 and

Local Rule 29, which we took with the case. Gray’s motion is granted, and while appellate courts

have the authority to award attorney fees on appeal, because the trial court is better equipped to

hear evidence and determine the reasonableness of the fee requested, we remand to the trial court

to determine a reasonable award of attorneys’ fees on appeal. Goins v. Goins, 406 S.W.3d 886,

890 n.1 (Mo. banc 2013).

 Anthony Rex Gabbert, Judge

All concur.

 14